### S. H. LEA v. SOUTHERN PUBLIC UTILITIES COMPANY.

(Filed 27 November, 1918.)

1. **Railroads — Street Railways — Negligence—Excessive Speed—Burden of Proof—Instructions—Appeal and Error—Harmless Error.**

  The burden of proof is upon the plaintiff to sustain his allegation and contention that he received a personal injury through the negligence of the defendant in running its electric street railway car at an excessive speed, and placing the burden upon the defendant to show that the car

was not running at an excessive rate, is reversible error; and the error is not cured by a correct instruction elsewhere appearing in the charge.

2. **Railroads — Street Railways—Negligence—Concurring Negligence—Last Clear Chance — Evidence — Instructions—Appeal and Error—Harmless Error.**

Where there is evidence tending to show that the plaintiff was on horseback, and, seeing the defendant's street car approaching at an excessive speed, when he was 10 feet from the track, attempted to urge his horse across instead of stopping, in safety, which he could have done, for the car to pass, which resulted in the injury, the subject of his action: *Held,* assuming the defendant was negligent in running the car at an excessive speed, it is for the jury to determine, upon the question of proximate cause and last clear chance, whether the plaintiff was guilty of negligence which continued and concurred with that of the defendant to the time of impact; for, if so, the plaintiff could not recover; and an instruction that fixed liability upon the defendant if the car was running at an excessive speed is prejudicial to the defendant, and constitutes reversible error.

3. **Instructions—Incomplete Charge—Phases of Evidence.**

Where the trial judge assumes to charge the law upon one phase of the evidence in controversy, the charge is incomplete unless embracing the law applicable to the respective contentions of each party to the action.

HOKE, J., concurs in the result.

ACTION, tried before *Long, J.,* at June Term, 1918, of MECKLENBURG. These issues were submitted:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: "Yes."

2. Did the plaintiff, by any negligence on his own part, contribute to his injury, as alleged in the answer? Answer: "Yes."

3. Notwithstanding any negligence of the plaintiff, could the defendant, by the exercise of ordinary care, have prevented the injury to the plaintiff? Answer: "Yes."

4. What amount of damages, if any, is the plaintiff entitled to recover of the defendants on account of his injury? Answer: "$3,000."

*Thomas W. Alexander, Cansler & Cansler for plaintiffs.*
*Osborne, Cocke & Robinson for defendant.*

BROWN, J. This case was before us at last term (175 N. C., 461), and the opinion by *Mr. Justice Walker* granting a new trial contains a full and accurate statement of the case. The issues and evidence on the second trial appear to be substantially the same as on the first, and it is, therefore, unnecessary to do more than refer to the first opinion for a general outline of the controversy.

The defendant excepts because the judge in one part of the charge erroneously placed the burden of proof upon defendant·in requiring the

jury to find by the greater weight of evidence that the car "was not being operated at a speed greater than four or five, or possibly six, miles an hour." While it was doubtless an inadvertence upon the part of the learned and painstaking judge who tried this case, yet the charge is justly amenable to that criticism, and the exception is well taken.

One of the principal allegations of the plaintiff's complaint is that the defendants were guilty of negligence in operating the car at a reckless and excessive rate of speed. The defendants denied this allegation. The burden was therefore upon the plaintiff to establish by the greater weight of the evidence the truth of this allegation of his complaint. It is true in another part of the charge the burden of proof as to such allegation was properly placed on plaintiff, but it is well settled that an erroneous instruction on the burden of proof is not neutralized or rendered harmless by another instruction stating the rule correctly. *Tillotson v. Fulp,* 172 N. C., 499; *Ray v. Patterson,* 170 N. C., 226; *Champion v. Daniel,* 170 N. C., 331; 29 Cyc., 644.

The defendant also excepts to following instruction: "If the car was moving at an excessive rate of speed, as contended by the plaintiff, and for this reason the signals could not be given or the appliances could not be used by the exercise of ordinary care, and by reason of these conditions the injury occurred, then, under such findings of fact, if made by you from the evidence, the rule would be that the defendant would be liable for the result of the injury." The defendant insists that this instruction deprived the defendant of the benefit of all the evidence tending to prove that although defendant may have been negligent in such particular, yet the plaintiff was guilty of such negligence as continued up to the moment of the injury, and concurred with that of defendant in producing it. The exception must be sustained.

There is evidence of Rucker, a passenger, that even after the motorman sounded his gong and reversed his car plaintiff continued to switch his horse and rush across the track in full view of the approaching car. Plaintiff himself testified: "As I got farther on I saw the street car kept coming on without decreasing its speed, and I slapped the horse with the reins to make him go faster." Again he says, "I began speeding up my horse and slapping him with the reins after I passed the curb when the car kept coming without apparently decreasing its speed and when my horse was about ten feet from the rail."

If these facts are true, then plaintiff had the last clear chance to avoid the injury. When he saw the car coming on at a fast rate of speed, according to his own admission, plaintiff's horse was ten feet from the rail. Instead of slapping his horse with the reins and driving on the track in front of the rapidly approaching car, it was his duty to

stop. If he failed to do so, then, according to all of our decisions, he was guilty of such concurring negligence as bars a recovery.

This subject is discussed in its different phases by *Justice Walker* in *Norman v. R. R.,* 167 N. C., 533. In that case it is held that "As a person on foot or in a vehicle has no right to cross a street in front of an approaching street car and take the doubtful chance of his ability to cross in safety, if a prudent man would not do such a thing under similar circumstances; and if he does so, and is injured by his own carelessness, the fault is all his, and he cannot hold the company to any liability therefor."

Assuming that defendant was negligent in running its car at an unwarranted speed, yet plaintiff admits he saw it approaching when he was ten feet from rail. It was his duty to stop. If, instead of pursuing the course of obvious safety, he undertook to drive across the track in front of a rapidly running car and was struck and injured, he was guilty of such concurrent negligence as bars a recovery. It is well settled that when the plaintiff and defendant are negligent, and the negligence of both concur and continue to the time of the injury, the negligence of the defendant is in a legal sense not the proximate cause of the injury, and plaintiff cannot recover. *Hamilton v. Lumber Co.,* 160 N. C., 50; *Harvell v. Lumber Co.,* 154 N. C., 262. His Honor should have so instructed the jury after instructing them upon plaintiff's contention.

We have heretofore said that when the judge assumes to charge, and correctly charges the law on one phase of the evidence, the charge is incomplete unless embracing the law as applicable to the respective contentions of each party. *Jarrett v. Trunk Co.,* 144 N. C., 299.

New trial.