This was a proceeding by plaintiff under sec. 8, ch. 714, Laws 1905, asking that a jury be appointed to assess damages caused to his land by the county taking 7/10 of an acre of land in the construction of a public road. The jury was duly appointed, and made its report allowing defendant $175 damages. Without waiting for the commissioners to take action, the plaintiff appealed to the Superior Court. At the trial in that court the jury awarded the plaintiff $225 damages, and he appealed to this Court.
The witness Tyson had testified as to the damages to the plaintiff's land, and on cross-examination he was asked if he had claimed any damages for the road going through the witness's land, to which he answered: "I would have done so if I had thought it would have been of any use." The witness owned adjoining land, and the question was competent as tending to shake his testimony as to the damage the plaintiff had sustained. We cannot see that the plaintiff sustained any harm from the answer, which at most was merely irrelevant.
Another witness was asked on cross-examination: "What value is the little piece of land?" to which he replied, "I do not consider that little piece of much value to my father unless he could get more." While the answer may not have been very responsive, there was no motion to strike it out, and it does not appear that any harm accrued that would justify a new trial.
Exception 3. The court charged the jury: "If you find the plaintiff is damaged, you will not take into consideration the fact that his home is off the road, because the action was not brought by reason of his house being cut off of the road, but by reason of the highway commissioners taking this portion of the land through which the road passes." The plaintiff's evidence discloses that his house was not upon lot No. 4, or lot No. 1, but was on an entirely different tract of land situated on the north side of the old county road, as shown on the map. The plaintiff *Page 243 
still has the old county road to use as he did previously to laying out this road, except that he himself has built a tobacco barn across it, as shown on the map, and in that respect he can recover no damage by reason of laying out the new road. If he could, then any other person living four or five miles or further from the new road could contend that they were entitled to damages because the new road and was not constructed by their home. The county commissioners simply did not see fit to build a new road along the line of the old road by the plaintiff's residence, but the plaintiff still has that old road so far as he sees fit to use it.
The fourth exception is that the court directed the jury to allow the plaintiff: "What would be a fair compensation for his land, taking into consideration the value of his land immediately before, and the value of his land immediately after, and the difference in value would be the damages he has sustained by reason of the road running through his land." Sec. 8, ch. 714, Laws 1905, under which this proceeding was begun, provides: "Said jury, being duly sworn, in considering the question of damages, shall also take into consideration the benefits to the owner of said land, and if such benefits shall be considered equal to or greater than the damages sustained, then the jury shall so declare and report in writing its findings to the board of county commissioners for revision or confirmation."
In Lanier v. Greenville, 174 N.C. 317, the Court said: "We have adhered to the rule that in the assessment of damages for land taken for public improvement the measure of damages is the difference in value before and after taking. We are less inclined to change the rule since it was held in Miller v. Asheville, 112 N.C. 768, that it was within the power of the General Assembly to provide by statute that damages should be reduced not merely by benefits special to the plaintiff, but by all the benefits accruing to him, either special or in common with others." In Miller v.Asheville the Court held constitutional an act providing that all benefits should be considered in reducing damages, notwithstanding the fact that the property had been taken by the city prior to the enactment of the statute, and notwithstanding that proceedings for the assessment of damages had been instituted before this statute was passed.
The counsel for the commissioners contend that under the language of this statute the county was entitled to have set off against the damages assessed not only the special benefits to the owner of the land, but the benefits which actually enhanced the market value of the property, although they are common to other property in the vicinity. We cannot consider this contention, for the defendants are not appealing, and the plaintiff cannot complain that the benefits set off were restricted to the special benefits as laid down in Lanier v. Greenville, supra. *Page 244 
Exception 5 is that the court charged the jury: "The defendants contend that they offered evidence that the plaintiff has not been damaged as much as $600; and that you should find that the special benefits have accrued to him in that this special piece of property is more valuable now than before the road was built; the defendant contends that it is a nice wide public road, and puts his land in contact with the public; for the people who want to get to the county-seat and that this ought to be taken into consideration, and the court charges you that if you find that a special benefit has accrued to this land by reason of this road being put there, then you might consider that in determining what damages he has sustained, if you find any special benefits have accrued to this land."
Exception 6 is to a charge of like nature. As already stated, these charges are in accordance with the general rule which has obtained in this State in the absence of legislation restricting or enlarging the nature of the benefits to be deducted, and the plaintiff cannot complain.
Exception 7 is to a like charge by the court: "As I said a moment ago, if you find any special benefit has accrued to the plaintiff by reason of the building of the road through his property, you can consider it in determining the amount of damages you may arrive at, but if no special benefit has accrued to him, and if the benefit he gets is common to adjacent landowners, then you will not consider that." This charge was correct under the general rule.
The last exception, except those purely formal, is to the following charge: "The jury will not take into consideration the fact that the plaintiff's house was left off the road, and is not now on the road; this proceeding is to procure damages for and on account of the taking of the land, part of those two lots which were necessary to build this road, and the fact that this house and home is left off the public road you will not take into consideration at all, but only take into consideration the damage by reason of the taking of the land from these two lots of land, and say what you find the damage to be."
This has already been discussed under the third exception. The county was under no contract with the plaintiff not to lay out a new public road, in order to make a new and shorter route needed for the public convenience. In doing this, the county did not cut off the plaintiff from the public road, upon which the plaintiff's house stood. The principle of public administration is the "greatest good for the greatest number," and a new, better, and shorter road being needed for the public convenience, the plaintiff could not complain that it was not built over the old route. The road on which this house stands remains where it was, and if the plaintiff does not use it, and has built a tobacco barn across it, as it appears, is because he finds it more convenient to get to the new road by a different route. *Page 245 
In view of the great increase in the mileage of public roads in construction, or in contemplation, and that neither the State nor the Federal Government will permit any part of their appropriations for roads to be used in payment for any part of damages for rights of way, it follows that all such damages fall upon the county alone, and it is a matter of great moment what method should be adopted in allowing deductions from such damages for benefits accruing to the landowner.
It seems that the general rule prevailing throughout this country is that laid down in Traction Co. v. Vance, 9 L.R.A. (N.S.), 781; S. c.,225 Ill. 270. "In assessing damages for injury to land, not taken in a proceeding to secure a railroad right of way, benefits may be set off which actually enhance the market value of the property, although they are common to other property in the vicinity." In proceedings to condemn land for the use of a railway, which is not entirely for public benefit, but in part at least for private emolument, the rule seems to be generally settled either that no benefit shall be deducted, or, at least, only those that are of special benefit to the owner, not including the enhancement in the value of his land, which accrued to him in common with others in that vicinity. But when the condemnation is for a public benefit, as the widening of a street, as in Miller v. Asheville, supra, or for the construction of a public road, or other purposes of a purely public nature, solely for the general benefit, the usual rule seems, as in the case above quoted from 9 L.R.A. (N.S.), 781, to reduce the damages by all the benefits accruing to the landowner, whether special or general.
The distinction seems to be that where the improvement is for private emolument, as a railroad or water power, or the like, being only a quasi-
public corporation, the condemnation is more a matter of grace than of right, and hence either no deductions for benefits are usually allowed, or only those which are of special benefit to the owner, but where the property is taken solely for a public purpose, the public should be called upon to pay only the actual damages, after deducting all benefits, either special or general.
In 2 Lewis Em. Dom., secs. 687-689, the different methods are stated to be five in number, but, in fact, they can be reduced to three, i. e.:
1. Condemnations in which there are no deductions allowed at all for benefits.
2. Where deductions are only allowed for special benefits accruing to the owner.
3. Where deductions are allowed for benefits, both special and general.
This matter is discussed fully by Connor, J., in R. R. v. Platt Land,133 N.C. 272-274, where he shows that all three methods have obtained in this State, either by amending the general statute or the charters in special cases, citing Miller v. Asheville, 112 N.C. 759, where by the *Page 246 
terms of the statute (Pr. Laws 1891, ch. 135, sec. 16) it was made the duty of the jury in assessing damages for opening or widening streets to consider "All benefits special to said land, and also all benefits, whether real or supposed, which the parties may derive from the construction of said improvements, whether it be common to other lands, or only special to their own." This latter rule is held in the Illinois case above cited to obtain generally in this country when the assessment for damages is for purely public purposes.
The changes of the statute in this regard in North Carolina stated byJude Connor in R. R. v. Platt Land, supra, is more fully set out in the note to Traction Co. v. Vance, 9 L.R.A. (N.S.), at page 806. It appears therefrom that "the early rule in this State was that special benefits might be set off against the value of the land taken for public use, and against damages for the remainder; that this rule was abrogated by statute and afterwards restored by statute."
In Freedle v. R. R., 49 N.C. 89, it was held that only such benefits could be deducted as were peculiar to the owner of the land taken and not general benefits, such as increased facilities for getting to market, the increased prosperity of the country, and the consequent growth in the value of real estate — such benefits as were common to all. The same rule was held in Asheville v. Johnson, 71 N.C. 398; R. R. v. Wicker, 74 N.C. 220;Haislip v. R. R., 102 N.C. 376, but in Miller v. Asheville, 112 N.C. 759, where a statute was passed after the proceeding was begun providing that general benefits as well as special benefits were to be deducted from the assessment of damages in opening or widening streets, the Court held that this was a mere change of remedy and the act was sustained. All the above decisions were reviewed, and the changes of the statute set out in R. R. v. Platt Land, 133 N.C. 266, in which the Court sustainedMiller v. Asheville, which held (p. 768) that it was a matter resting in the discretion of the Legislature, which "could reduce the damages by all the benefits accruing to the plaintiffs, or only by those special to the plaintiff, since it conferred the right of eminent domain. . . . Compensation was made when the balance was struck between the damages and the benefits conferred. To that, and to that alone, the owner had a constitutional and vested right. The Legislature, in conferring upon a corporation the exercise of the right of eminent domain, could, in its discretion, require all benefits, or a specified part of them, or forbid any of them to be assessed as offsets against the damages. This was a matter which rested in its grace, in which neither party had a vested right, and as to which the Legislature could change its mind always before rights were settled and vested by a verdict and judgment."
This decision is followed by Hoke, J., in Bost v. Cabarrus, 152 N.C. 536, and Allen, J., in Lanier v. Greenville, 174 N.C. 317, affirming *Page 247 Miller v. Asheville, supra, as to the power of the Legislature to authorize the deduction of general as well as special benefits from the damages assessed, but holding that if the statute does not so provide, only the special benefits will be deducted.
Owing to the importance of the subject, and its full discussion in this case, we have traced the history of the rule. In the damages assessed, we find
No error.