LEVI H. WADE v. STATE HIGHWAY COMMISSION OF NORTH CARO-
LINA AND WAYNE COUNTY HIGHWAY COMMISSION.

(Filed 24 September, 1924.)

1. **Condemnation — Compensation — Damages—Statutes—Constitutional Law.**

   The right of the owner of land to compensation for his land, taken by condemnation for a public use, is for compensation in the manner and to the extent fixed by the Legislature.

2. **Same—Benefits—Offsets—Remedies—Amendatory Statutes.**

   The method by which the owner of land is compensated for the taking thereof by condemnation for a public use is the remedy provided by the Legislature by statute to meet the constitutional requirement, which may be changed by the legislative will by allowing as an offset to the amount recoverable either all benefits or those specially accruing to the land, or none at all; and the statute in force at the time of trial is the one applicable, and not a former statute, of which the later one is amendatory.

APPEAL by defendant from *Lyon, J.,* at February Term, 1924, of WAYNE.

Civil action to recover damages resulting from the relocation of a public road through lands of the plaintiff.

From a verdict and judgment awarding plaintiff the sum of $200.00, the State Highway Commission appeals, assigning errors.

*Hugh Dortch and Dickinson & Freeman for plaintiff.*
*Kenneth C. Royall and W. L. Cohoon for defendant.*

STACY, J. The single exception stressed on the argument and chiefly relied upon in defendant's brief is the one addressed to the following portion of the charge:

"You have heard the evidence and it is for you to say whether or not the damage to the land has been greater than the special benefit accruing to it, and if you so find whatever amount you find will be your answer to this issue. But if you find the special benefit is greater than the damage you would answer the issue 'Nothing'."

At the time of the relocation of the road in question and when this suit was instituted, the rule for the admeasurement of damages was as stated by the trial court in his charge. Ch. 2, sec. 22, Public Laws, 1921; *Lanier v. Greenville,* 174 N. C., 311. But subsequent to the institution of the suit and before trial, the Legislature amended the law by adding: "And in all instances the general and special benefits shall be assessed as off-sets against damages," etc. Ch. 160, sec. 6, Public Laws, 1923. Hence, the law as amended and in force at the time of trial should have been followed in determining the amount plaintiff was entitled to recover. Such was the holding in *Miller v. Asheville,* 112 N. C., 759, a case presenting practically the same question. There it was said:

"The rule laid down by his Honor has been the settled ruling of this Court, but it was expressly altered as to all condemnation proceedings instituted in behalf of the defendant by sec. 16, ch. 135, Private Laws, 1891. It is true, this was enacted 28 February, 1891, after these proceedings were begun. But the verdict assessing the damages was rendered thereafter, at August Term, 1891. This is merely a change of remedy. Whether the defendant can reduce the damages by all the benefits accruing to the plaintiffs, or only by those benefits special to the plaintiffs, rests with the sovereign when it confers the exercise of the right of eminent domain. When, after proceedings begun, but before the trial, the Legislature struck out all right to any benefits as an offset, it was held valid. *R. R. v. Hall,* 67 Ill., 99. For the same reason, the present act, which extends the assessment of benefits to all received by the landowner, instead of a restriction to the special benefits, is valid. All the landowner can claim is that his property shall not be taken for public use without compensation. Compensation is had when the balance is struck between the damages and benefits conferred on him by the act complained of. To that, and that alone, he has a constitutional and vested right. The Legislature, in conferring upon the corporation the exercise of the right of eminent domain, can in its discretion require all the benefits or a specified part of them, or forbid any of them to be assessed as offsets against the damages. This is a matter which rests in its grace, in which neither party has a vested right, and as to which the Legislature can change its mind always before rights are settled and vested by a verdict and judgment."

And further speaking to the question of policy in *Elks v. Comrs.*, 179 N. C., 241, where the whole matter is discussed at length, *Clark C. J.*, said: "The distinction seems to be that where the improvement is for private emolument, as a railroad or water power, or the like, being only a *quasi*-public corporation, the condemnation is more a matter of grace than of right, and hence either no deductions for benefits are usually allowed, or only those which are of special benefit to the owner, but where the property is taken solely for a public purpose, the public should be called upon to pay only the actual damages, after deducting all benefits, either special or general."

For the error as indicated, there must be a new trial; and it is so ordered.

New trial.