CROWN RICHARDSON v. AMERICAN COTTON MILLS, INC.

(Filed 13 May, 1925.)

**Employer and Employee—Master and Servant—Fellow-Servant—Instruc-
tions—Negligence—Appeal and Error.**

In an action for damages for a negligent personal injury inflicted on
an employee, there was evidence tending to show negligence of another
of defendant's employees after he had finished his daily hours of work,
and the question was presented as to whether he was at the time of the
injury a fellow-servant or a trespasser or licensee: *Held,* this was a
mixed question of law and fact under proper instructions from the court,
and a charge on the question of negligence which failed to charge the
principles of law upon the question of defendant's liability under the
fellow-servant principle, and in case its employee was a licensee or tres-
passer, is reversible error.

APPEAL by defendant from *Lyon, J.,* at October Term, 1924, of
GASTON.

Civil action for damages for personal injury.

Plaintiff was an employee of the defendant. He alleged that when
injured he was engaged in fixing a loom that had been "flagged" for
repair; that while in a position of peril R. L. Lanier, at that time not
engaged in any duty in the mill but there as a licensee of the defendant,
carelessly put the loom in motion and caught the plaintiff therein,
inflicting personal injury. The plaintiff set up also alleged negligence of
the defendant concurring with that of Lanier, in that the defendant
did not use due care to require Lanier, when his shift ended, to cease

the operation of its machinery and to leave its premises, but negligently permitted him to remain and operate its machinery.

Plaintiff's "shift" was from 6 a. m. to 6 p. m. and that of Lanier from 6 p. m. to 6 a. m. There was evidence tending to show that Lanier put the machinery in motion between 6 and 6:15 a. m.

Defendant denied all allegations of negligence, pleaded contributory negligence, and alleged that the plaintiff's injury was caused by the act of a fellow-servant.

The issues of negligence, contributory negligence, and damages were answered in favor of the plaintiff. The defendant appealed, assigning error.

*S. J. Durham and Henry L. Kiser for plaintiff.*
*Garland & Austin for defendant.*

ADAMS, J. Primarily the defense is based upon the contention that Lanier and the plaintiff were fellow-servants, and that for this reason the negligence of Lanier cannot be imputed to the defendant. That the fellow-servant doctrine relieves the master from liability where the person injured is a fellow-servant of the tort-feasor is so firmly established it is not essential to our present purpose that we inquire into the fundamental reasons upon which the rule is founded. *Dobbin v. R. R.,* 81 N. C., 446; *Walters v. Lumber Co.,* 163 N. C., 537; *Page v. Sprunt,* 164 N. C., 364; *Brown v. Scofield Co.,* 174 N. C., 4; *Talley v. Granite Quarries Co., ibid.,* 445. We need only say that the principle, formerly unrestricted in its application, has been abrogated by statute as to railroads operating in this State. C. S., 3465; *Kirk v. R. R.,* 94 N. C., 625; *Webb v. R. R.,* 97 N. C., 387; *Nicholson v. R. R.,* 138 N. C., 516; *Bloxham v. Timber Corp.,* 172 N. C., 37.

The defendant excepted to this instruction, which was given the jury: "Now, if you find from the evidence, and the greater weight of the evidence, that the man, Lanier, negligently started that loom on that occasion—that is, that he did something that a reasonably prudent man ordinarily would not have done under the circumstances—and further find that such negligence was the proximate cause of the injury complained of, and you further find that Lanier at the time was not acting in the capacity of a fellow-servant, but was merely a licensee there in the mill, his time having expired some 10 or 15 minutes, then you would answer the first issue, 'Yes,' and if you do not find so, you would answer, 'No.' "

In *Dobbin v. R. R., supra,* the Court had occasion to say: "Who is a fellow-servant within the meaning of the law appertaining to this subject is a difficult question, one that has never been decided in this State.

And, so far as we have been able to find, no definition of the relation as a test applicable to all cases has as yet been adopted by the courts; and we do not think can be, so variant are the relations subsisting between master and servant, principal and agent, colaborer and employee, in the various enterprises and employments, with their numerous and divers branches and departments, the cases frequently verging so closely on the line of demarcation between fellow-servants or colaborers and what are called 'middle men' that it is difficult to decide on which side of the line they fall. Each case in the future as heretofore will have to be determined by its own particular facts."

Whether the plaintiff and Lanier were fellow-servants is a matter which involves both law and fact. To a proper determination of the question, it was essential that the jury should be instructed as to the law applicable to the different phases of the relevant evidence; but it will be observed that his Honor failed to inform the jury whether under given conditions the plaintiff and Lanier were or were not fellow-servants. He very clearly stated the contentions of the parties, but inadvertently omitted to state the appropriate principles of law for the guidance of the jury. The Court has held that a charge which does not embrace the law applicable to the determinative contentions arising upon the evidence is incomplete and is ground for a new trial. *S. v. Thomas,* 184 N. C., 757, 759; *Butler v. Mfg. Co.,* 182 N. C., 547; *Lea v. Utilities Co.,* 176 N. C., 511; *Real Estate Co. v. Moser,* 175 N. C., 255, 259; *Jarrett v. Trunk Co.,* 144 N. C., 299.

In his brief the plaintiff admits that "this charge out of its setting in the case would be error," but contends that it is harmless when considered in the light of the admitted facts. Granting, as insisted by the plaintiff, that Lanier was acting for the defendant and by its authority, and that the instruction directed an affirmative answer to the first issue if the jury should find that Lanier was a licensee and not a fellow-servant, and that his negligence was the proximate cause of the injury, we are yet confronted with the fatal objection that the jury was given no rule by which to determine whether Lanier was a fellow-servant or a licensee. No definition either of "licensee" or "fellow-servant" appears in the charge, nor is the distinction between the two anywhere explained. Their conclusion upon this point was left entirely to conjecture. The jury should have been definitely instructed as to the facts upon which Lanier would be deemed a licensee and as to those upon which he would be deemed a fellow-servant.

New trial.