JOHN A. GOODE v. CITY OF ASHEVILLE.

(Filed 26 January, 1927.)

1. **Municipal Corporations—Cities and Towns—Streets and Sidewalks— Damage to Property Owners—Special Benefits—Offsets—Judgments —Appeal and Error.**

When the statute so provides, the owner of lands upon a street widened by a city may have his damages by reason thereof offset by the special benefits he will receive to the extent of such damages only, and where the verdict finds that the value of the special benefits exceeded the owner's damages, it is error to render judgment against the owner for the excess.

2. **Same—Statutes—Constitutional Law.**

A statute or legislative charter is valid that provides that a city in widening its streets may have the damages sustained by the owner of lands abutting thereon diminished by the special benefits he may receive from the improvements so made, to be assessed by subagencies of the city, etc., with right of appeal to the courts.

CIVIL ACTION, before *McElroy, J.,* of BUNCOMBE.

This was a proceeding originally instituted by the city of Asheville against property owners on North Lexington Avenue to condemn prop-

erty for the purpose of widening the street. It is admitted that ten feet was cut off from the lots of plaintiff on said street, and that the plaintiff had a two-story brick building on the premises at the time of the condemnation proceeding, and that a part of his building was cut off.

It is further agreed that the only matters involved in this action are the amount of damages and reasonable cost of property taken for the widening of Lexington Avenue, and the amount of benefits accruing to the property of the plaintiff by virtue of the widening of said street.

The plaintiff appealed from the award to the Superior Court, and the following issues were submitted to the jury:

1. What damages, if any, has the plaintiff sustained by reason of the taking of his property on Lexington Avenue?

2. What benefits, if any, will the plaintiff receive by reason of widening of Lexington Avenue?

The jury answered the first issue, $9,900, and the second issue, $11,520.

Thereupon, as the special benefits exceeded the value of the property taken, the trial judge rendered the following judgment:

It is therefore ordered and adjudged that the sum of $1,650 be assessed against the land of the plaintiff described on the map or plan of this proceeding as lots 213, 214, 215 and 216, as provided by the charter of the city of Asheville, and that the defendant pay the costs of this action, to be taxed by the clerk.

*Zeb F. Curtis for John A. Goode.*
*Jones, Williams & Jones for City of Asheville.*

BROGDEN, J. The question is this: In condemnation proceedings for taking property, can special benefits to the particular piece of property be assessed in excess of the amount of damages awarded the landowner?

This record discloses that it was admitted that the proceeding was properly instituted and conducted.

The city of Asheville has power, under its charter, to create assessment districts and to condemn property for widening streets and for making other public improvements. A jury for condemnation is provided for and notice to the property owner.

Section 291 of the charter provides that the jury shall view the land "and shall assess the damages, if any, to every one of the premises which they have viewed, and the special benefit, advantage or enhanced value, if any, which will accrue by reason of said improvement."

Section 296 provides that the governing authorities of the city may decrease or increase assessments. And it is further provided therein:

"and the lands condemned in said proceedings shall vest in said city so long as they may be used respectively for the purpose of said improvement, so soon as the amount of damages assessed to them respectively, decreased by the amount of special benefit, advantage and enhanced value, so assessed against them respectively, shall have been paid or tendered to the owner or owners of such premises respectively, or deposited as hereinafter provided."

Section 298 provides for an appeal, and further provides as follows: "But it shall be lawful for it to enter upon and use the property so condemned as and for such purpose at any time after the expiration of two days from the date when the amount of damages assessed by the jury decreased by special benefits, advantage and enhanced value, as aforesaid, shall have been paid."

Section 301 provides that special benefits assessed against property, unless paid or set off by damages assessed thereon, shall become and be a lien in favor of said city on said premises.

In a condemnation proceeding the question to be determined is, what damages shall landowner receive as a result of the taking of his property?

The measure of damages in such cases "is the difference in value before and after taking, less the special benefits, and that increased value to the land enjoyed in common with others affected by the improvement is not a special benefit." *Lanier v. Greenville,* 174 N. C., 311; *Campbell v. Comrs.,* 173 N. C., 500; *Elks v. Comrs.,* 179 N. C., 241; *Bost v. Cabarrus,* 152 N. C., 531; *R. R. v. Platt Land,* 133 N. C., 266.

The Legislature has power to provide by statute that the damages accruing to the landowner can be reduced not only by special benefits received by the landowner, but by all benefits accruing to him "either special or in common with others." *Miller v. Asheville,* 112 N. C., 768; *Lanier v. Greenville,* 174 N. C., 311.

In *Stamey v. Burnsville,* 189 N. C., 39, the rule was thus declared: "It seems to be the general rule in this jurisdiction that the compensation which ought justly to be made, just compensation, under our general statute is such compensation after special benefits peculiar to the land are set off against damages."

In *R. R. v. Platt Land,* 133 N. C., 266, the Court held that only special benefits can be deducted from the compensation or damage.

The sections of the charter of Asheville contained in the record declare that the city shall be the owner of the property "so soon as the amount of damages . . . decreased by the amount of special benefit . . . shall have been paid. And further, that special benefits become a lien only, unless paid or set off by damages assessed."

It would therefore seem to be clear from the authorities that in a condemnation proceeding special benefits are to be considered as an offset, deduction or counterclaim against damages accruing to the property owner in order to determine what sum, if any, the property owner shall receive for the land so taken. And further, that the law does not contemplate that a city can take the property of a landowner for public purposes, pay nothing for the land taken, and at the same time recover a judgment against the owner for the privilege of having his land taken without compensation. In other words, special benefits are allowed by the law as an offset or deduction from the amount of damages to be paid, for taking the property, and to the extent only of determining the amount the landowner shall receive for his property. A perusal of the provisions of the charter of Asheville, contained in this record, discloses that the amount of damages assessed are to be decreased by the amount of special benefit, advantage and enhanced value. Hence, in the charter, special benefits are ascertained for the purpose of decreasing the damage or as an offset to damage awarded a property owner.

It does not seem to have been expressly decided in this State as to whether, in the event the special benefits exceed the damages, that a judgment for the excess benefits can be awarded against the property owner.

In *Wade v. Highway Commission*, 188 N. C., 210, the trial judge charged the jury as follows: "You have heard the evidence and it is for you to say whether or not the damage to the land has been greater than the special benefit accruing to it, and if you so find whatever amount you find will be your answer to this issue. But if you find the special benefit is greater than the damage you would answer the issue 'nothing.' "

This charge of the trial judge expressly held that if the special benefit exceeded the damage, the plaintiff should recover nothing, and there was no intimation that the defendant could recover the excess of special benefits over the damages sustained in taking plaintiff's property. This Court, in considering this charge, found it erroneous, but upon the sole ground that general as well as special benefits were to be permitted and allowed as offset to damages awarded the owner.

We are therefore of the opinion, and so hold, that the plaintiff, Goode, is not liable for $1,650, special benefits awarded, and with this modification the judgment is affirmed.

Modified and affirmed.