V. B. BAILEY v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 12 October, 1938.)

**Eminent Domain § 12—In awarding damages for relocation of highway, both special and general benefits should be allowed as offsets.**

In an action to recover damages resulting from the relocation of a public road through the lands of plaintiff, both the special and general benefits accruing to plaintiff by reason of the construction of the highway should be allowed as offsets against any damages which plaintiff might have sustained, Michie's Code, 3846 (bb), and an instruction that limits offsets to special advantages that accrued to plaintiff is erroneous.

CLARKSON, J., took no part in the consideration or decision of this case.

APPEAL by the defendant from *Alley, J.,* at April Term, 1938, of BUNCOMBE. New trial.

This is a civil action to recover damages resulting from the relocation of a public road through the lands of the plaintiff.

From a verdict and judgment awarding plaintiff the sum of $2,500 the defendant appeals, assigning error.

*C. E. Blackstock and R. M. Wells for plaintiff, appellee.*
*Charles Ross for defendant, appellant.*

SCHENCK, J. The appellant assigns as error the following excerpt from his Honor's charge: "So, in arriving at the compensation which the plaintiff ought to receive, the jury should estimate the value of the land taken and the damage, if any, to the rest of the plaintiff's tract by reason of the location and construction of the road and from such sum there should be taken as a counterclaim or set-off any benefits which the plaintiff has sustained by reason of the addition to the value, if any, of his tract of land by reason of the special advantages thereto which is not shown to the lands of others in that section." We are constrained to sustain this assignment.

The statute, N. C. Code of 1935 (Michie), sec. 3846 (bb), provides, *inter alia,* that "Whenever the State Highway Commission and the owner or owners of the lands, materials, and timber required by the State Highway Commission to carry on the work as herein provided for, are unable to agree as to the price thereof, the State Highway Commission is hereby vested with the power to condemn the lands, materials, and timber, and in so doing the ways, means, methods and procedure of chapter thirty-three, entitled 'Eminent Domain,' shall be used by it as near as the same is suitable for the purposes of this law, and in all instances the general and special benefits shall be assessed as offsets

against damages; . . ." The vice of the instruction to which exception is reserved consists in the limiting of the amount of the offsets against any damages which the plaintiff might have sustained to the special advantages that accrued to him. Such offsets should also include the general benefits accruing to the plaintiff by reason of the construction of the highway. *Wade v. Highway Commission,* 188 N. C., 210; *Goode v. Asheville,* 193 N. C., 134.

For the error assigned, there must be a

New trial.

CLARKSON, J., took no part in the consideration or decision of this case.