SWITZERLAND COMPANY v. NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 8 November, 1939.)

**Appeal and Error § 38—When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment will be affirmed.**

In this proceeding in eminent domain to assess damages for lands and easements over adjacent lands taken for the establishment of the Blue Ridge Parkway, and for damages to contiguous lands resulting from such taking, less special and general benefits resulting to the remaining lands of petitioner, the Supreme Court being evenly divided in opinion as to whether error was committed on the trial of the issue, one Justice not sitting, the judgment of the lower court is affirmed without becoming a precedent.

The prevailing opinion written by SCHENCK, J., with DEVIN and SEAWELL, JJ., joining therein.

Dissenting opinion written by STACY, C. J., with BARNHILL and WINBORNE, JJ., joining therein.

CLARKSON, J., not sitting.

APPEAL by defendant from *Warlick, J.,* at March Term, 1939, of MITCHELL.

This is an action commenced by filing a petition before the clerk of the Superior Court of Mitchell County to recover compensation for the taking of lands and easements in lands of the petitioner by the defendant in Mitchell and McDowell counties for the construction of the Blue Ridge Parkway by virtue of chapter 2, Public Laws 1935; chapter 42, Public Laws 1937; and chapter 33 (Eminent Domain), Consolidated Statutes.

There was an appeal from the report of the commissioners appointed by the clerk to the Superior Court at term and the cause was there tried and the following verdict rendered, to wit:

"1. What sum, if any, is petitioner entitled to recover of the defendant for the appropriation of and damage to lands of the petitioner described in the petition, over and above all general and special benefits accruing to petitioner's lands by reason of the construction of the parkway? Answer: '$25,000.'"

From judgment predicated on the verdict, the defendant appealed to the Supreme Court, assigning errors.

*J. C. B. Ehringhaus, G. T. Carswell, McBee & McBee, W. C. Berry, J. W. Ragland, M. L. Edwards, Fred Hamrick, and Taliaferro & Clarkson for petitioner, appellee.*

*Charles Ross, Charles Hutchins, and George L. Greene for defendant, appellant.*

SCHENCK, J.   The first exceptive assignment of error is to the following question and answer propounded to and made by the petitioner's witness, Heriot Clarkson, "Q. Tell the jury whether there is any reservation by the Highway Commission of North Carolina, or any division in it that you ever read which reserved or which required an exit from or entrance to the parkway from one end of the Little Switzerland property to the other?   A. No, there is not."   This assignment cannot be sustained.   The answer of the witness is not a contradiction of the deed from the State of North Carolina to the United States, but is in accord with such deed.   If it be conceded that there was originally error in the interrogatory and answer, such error was rendered harmless by the introduction of the deed referred to by both petitioner and defendant, which deed spoke for itself as to its provisions.

The second exceptive assignment of error was to a question propounded to the witness Clarkson, and which was never answered.   The question, though permitted, cannot be held for error when not answered. It is a nullity.

The third exceptive assignment of error is to the following question and answer propounded to and made by the petitioner's witness, Heriot Clarkson, to wit: "Q. Just assuming that the regulations do not permit one to either enter or exit from the parkway except on the right-hand side, just assuming that the regulations require an entrance and exit on the right-hand side, where one is traveling and wishes to get off, is there any way to get off of the highway?   A. Of course, if you are not permitted to get off, you cannot get off."   This question and answer was no more than a harmless comment upon the obvious, and is in no way prejudicial to the appellant.

The fourth exceptive assignment of error is to the following question and answer propounded to and made by the petitioner's witness Clarkson, to wit: "Q. But don't you know that under the laws of the United States the Secretary of the Interior has no right to make an exception?   A. I don't know that."   The answer given to the question rendered it harmless.

The fifth exceptive assignment of error is to the following question and answer propounded to and made by the defendant's witness Hennesee, on cross-examination, to wit: "Q. What do you say as to the effect that would have on the property where the only access to this property would be a road with a fee simple title and easement to the United States Government, in which there is no restriction in the deed to make that road a permanent access to the property?   A. Well, if there was no road whatsoever, and if it was closed up, unquestionably it would damage it if the road was closed up."   This question was clearly competent to test the witness' knowledge of the value of the lands involved, especially in

view of his testimony in chief to the effect that the benefits to the lands would depend upon the road.

The sixth and seventh exceptive assignments of error are to the following questions and answers propounded to and made by the defendant's witness Stikeleather, on cross-examination, to wit: "Q. As a man interested in real estate and its sale and development, do you think that a man who was a prospective buyer would be affected as to his purchase, if his right of access and egress was cut off and there was just a mere possibility that he would have that right? A. I think that a man's ingress, egress and regress to his property would have a great deal to do with its value. Q. Do you think a man would want to purchase a lot if there was no permanent outlet, or what outlet there was was subject to revocation? A. No, I would not buy it as readily under those circumstances."

The witness had testified on direct examination, that if he owned the Switzerland Company's property he "would prefer to have it (the parkway) on rather than to miss it." This rendered the questions assailed by the exceptions competent to test the knowledge of the witness of the subject concerning which he had testified.

The eighth, ninth and tenth exceptive assignments of error relate to contentions and allegations stated by the judge in the charge. These exceptions are untenable, since they were not called to the attention of the court at the time in order to afford an opportunity to correct them if in error. *Walker v. Burt,* 182 N. C., 325; *S. v. Johnson,* 193 N. C., 701; *S. v. Herndon,* 211 N. C., 123.

The eleventh exceptive assignment of error is to the following excerpt from the charge, to wit: ". . . and thereafter, gentlemen of the jury, on March 4, 1938, the petitioner says and contends that you should find from the evidence that there was conveyed to the Federal Government in fee simple deed to land embraced within the 76.7 of the right of way taken under the condemnation, and easements to the remaining 12.12, making a total of 88.33 that was conveyed, which, as a matter of law, gentlemen of the jury, I instruct you, was a passing out of the State of North Carolina of the title by way of easements and fee simple to the property condemned, and which immediately upon its delivery vested in the Government of the United States the title to that land which prior thereto was in, without dispute, the Little Switzerland Company, a corporation." This is a correct statement of applicable law. The deed from the defendant to the United States both in fact and in law did "pass title" to the United States for lands formerly owned by the petitioner.

The twelfth exceptive assignment of error is to an excerpt from the charge for which no reason is given in the brief of the appellant except

that it does not comply with C. S., 564, but does not state wherein it fails to so comply, under which circumstances the exception is untenable. *Davis v. Keen,* 142 N. C., 496; *Jackson v. Lumber Co.,* 158 N. C., 317.

The thirteenth exceptive assignment of error is to the following excerpt from the charge, to wit: "An easement, gentlemen of the jury, has been defined as a liberty, privilege or advantage in the land, without profit, existing distinct from the ownership of the soil—(as in fee simple). An easement is the right which one person has to use the land of another for a specific purpose." This definition of an easement is in accord with *Thomas v. Morris,* 190 N. C., 244, and *Davis v. Robinson,* 189 N. C., 589, and the assignment cannot be sustained.

The fourteenth exceptive assignment of error is to the following excerpt from the charge, to wit: "Therefore, gentlemen of the jury, in this case I instruct you that in arriving at the amount of compensation the petitioner, the Little Switzerland Company, would be entitled to receive, if any, or ought to receive, if any, your general rule is to estimate the value of the land actually taken, in fee simple and by way of easements thereon, and the damage, if any, to the remainder of the petitioner's boundary or tract of land by reason of the location and construction of the parkway, and from such sum or sums there should be taken as a counterclaim or set-off or offset or reduction any benefits, general or special, which the petitioner has sustained or received by reason of the addition to the value, if any, of the remainder of the boundary or tract of land known as Little Switzerland, and owned by the Little Switzerland Company, by reason of the general or special advantages thereto." This charge is in accord with *Bailey v. Highway Commission,* 214 N. C., 278, and the exception is therefore untenable.

The fifteenth and sixteenth exceptive assignments of error are to the following excerpts from the charge, to wit: "Gentlemen of the jury, there has been introduced in evidence in this case a deed from the State of North Carolina to the United States Government conveying the premises described therein and in said deed certain reservations were made. I charge you that no evidence has been offered in this case of any conveyance or reconveyance, either to the State of North Carolina or its citizens, of any easements or rights in the property so acquired by any deed or instrument sufficient in law to reinvest in the State or in any of its citizens any rights or easements which were not reserved in the deed," and "I further charge you that under the laws of the United States, the Secretary of the Interior has only a limited right to grant concessions or make leases for a limited time, and that under said law there is no authority to grant a permanent right, privilege or easement which could only be authorized by an act of Congress." These are correct statements of the evidence and of the law, and the exceptions thereto are untenable.

The seventeenth exceptive assignment of error is to "the failure of his Honor to advise the jury of the legal effect of the scenic easements as set out in the pleadings and shown by the evidence." The court gave the jury a proper definition of the word easement as "the right which one person has to use the land of another for a specific purpose." The easements taken in petitioner's lands by the defendant and conveyed by it to the United States are clearly stated in the deed from the State to the Federal Government and are self-explanatory and self-definitive, and in the absence of any request for any further explanation of the legal effect of such easements we think this exception is untenable.

The eighteenth exceptive assignment of error is to "the failure of his Honor to explain to the jury the meaning of 'value' as used in the charge and limiting the appraisal to the 'fair market value'; and the failure of the court to explain the meaning of 'fair market value,' " and the nineteenth exceptive assignment of error is to "the failure of his Honor to define the term 'general and special benefits' referred to in the statute, and apply the law thus defined to the facts of this case."

The case was tried from beginning to end upon the theory that the plaintiff was entitled to recover damage for the appropriation of its lands taken in fee simple, and for damage to its land upon which easements were taken, plus any damage to the remaining lands by reason of the construction of the Parkway, diminished by any general and special benefits accruing to the remaining lands. The defendant's own witnesses gave estimates based upon this measure of damage to the effect that the petitioner should recover at least $7,500. The only question involved when the case finally reached the jury was what damage was the petitioner entitled to recover of the defendant under this theory of the trial. There was no question but that the plaintiff was entitled to recover some damage. His Honor read to the jury C. S., 3846 (bb), which furnishes the yardstick by which the damage was to be measured. There were no requests for explanations of the terms mentioned in these exceptions. Under the circumstances of this trial we think the charge as given was a substantial compliance with the law's requirements.

The twentieth exceptive assignment of error is to "the failure of his Honor to state in a plain and correct manner the evidence given in the case and to declare and explain the law arising thereon." This assignment in no way sets forth wherein the charge fails to comply with the statute, C. S., 564, and is therefore a broadside exception and is untenable. *Davis v. Keen, supra,* and *Jackson v. Lumber Co., supra.*

A reading of the rather voluminous record and a careful examination of each exception preserved leave us with the impression that the case has been tried in a fair and impartial manner. The parties were per-

mitted to develop their evidence and present their respective contentions with few interruptions or objections, the charge shows no bias and contains no intimation as to what facts were established.

This proceeding was instituted, under the provisions of the statute, solely for the assessment of damages for the taking of petitioner's property for a public use. The case resolved itself into a question of fact, presented to a jury whose intelligence must be presumed, under an issue correct in form, about a matter which the jurors were fully competent to determine. If the judge's charge was not as comprehensive and explicit as desired, the defendant has no just ground for complaint on that score, since it consented that the judge need not recapitulate the testimony, and offered no requests for instruction on any phase of the case. If the defendant desired more particular and detailed instructions relative to certain phases of the case, it was its duty to have requested special instructions. *S. v. Herndon, supra; Bank v. Yelverton,* 185 N. C., 314.

The amount assessed as compensation for the taking of petitioner's property may not be held unreasonable under the testimony adduced. The defendant made no motion before the trial court, and brings none here, to set aside the verdict on the ground that the amount was excessive.

If any errors of omission were committed by the trial judge in his instructions to the jury, it is not perceived that the jury was thereby misled, or that the defendant suffered prejudice or the denial of any substantial right, or that the amount of the recovery was enhanced thereby. It was well said in *Wilson v. Lumber Co.,* 186 N. C., 56: "Verdicts and judgments are not to be set aside for harmless error or for mere error and no more. To accomplish this result, it must appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial, amounting to the denial of some substantial right. *In re Ross,* 182 N. C., 477; *Burris v. Litaker,* 181 N. C., 376." *Collins v. Lamb,* 215 N. C., 719. It would seem that the application of this salutary rule would entitle the appellee to the affirmance of the judgment.

The twenty-first, twenty-second and twenty-third exceptive assignments of error are formal and are disposed of in the discussion of the assignments that preceded them.

DEVIN and SEAWELL, JJ., join in this opinion, which makes the Court evenly divided, CLARKSON, J., not sitting. Under these circumstances the judgment of the court below is affirmed as the disposition of this appeal without becoming a precedent, in accordance with the practice of this Court. *Miller v. Bank,* 176 N. C., 152; *Durham v. R. R.,* 113 N. C., 240, and citations thereto in Anno. Ed.

Affirmed.

STACY, C. J., dissenting from the affirmance of the judgment: A careful perusal of the record leaves me with the impression that reversible error has been shown in respect of the land subjected to what is designated a "Scenic Easement," if not also in respect of the admeasurement of damages.

*First.* It is alleged in the petition, paragraph 6, subsection (i), that in addition to the 76.7 acres of petitioner's lands taken in fee simple, at least 12.12 acres adjacent to the right of way and belonging to the petitioner have been subjected to a scenic easement which is so drastic in its nature that it amounts "to the taking thereof in fee simple."

The answer admits that the respondent "has appropriated an easement on 12.12 acres belonging to the petitioner," but denies that the restrictions set forth in the appropriation will materially affect the value of the land. On the contrary, it is alleged that they will protect the land from improper or abusive use and ought to enhance rather than lessen its value for residential purposes. It is further averred that these restrictions are not as rigid in many respects as the restrictions already placed on the property by the petitioner.

The terms of the easement, as set out in the record, follow:

"(a) That buildings, pole lines and structures may be erected on such lands for farm or residential purposes. New buildings or major alterations of existing buildings shall be subject to the prior approval of the National Park Service. No commercial buildings, power lines or other industrial or commercial structures shall be erected on such lands, except that existing commercial buildings may be altered or the property may be otherwise improved for the purpose of continuing established use after plans have been approved by the National Park Service.

"(b) That no mature or stable trees or shrubs shall be removed or destroyed on such land without the consent of the grantee or its assigns, except such seedling shrubbery or seedling trees as may be grubbed up or cut down in accordance with good farm practice and residential maintenance, and except that cultivated crops, including orchard fruits, may be pruned, sprayed, harvested, and otherwise maintained in accordance with good farming practice.

"(c) That no dump of ashes, trash, sawdust or other unsightly or offensive material shall be placed upon such land.

"(d) That no sign, billboard or other advertisement shall be displayed or placed upon such land, except one sign not greater than 18 inches by 24 inches advertising the sale of said property or the products raised upon it."

The position of the petitioner is, that these restrictions "have the force and effect of taking the property in fee simple," while the respondent advances quite a different view.

Both sides introduced evidence on the issue thus raised by the pleadings. In the testimony offered by the petitioner, the 12.12 acres are referred to as "land actually taken," and a valuation of $500 per acre is placed thereon. The respondent, on the other hand, offered the estimate, "12.12 acres of scenic easements at $10 per acre."

With the record in this shape, the court gave the jury the following definition of an easement, and no more: "An easement, gentlemen of the jury, has been defined as a liberty, privilege or advantage in land without profit, existing distinct from the ownership of the soil—(as in fee simple). An easement is the right which one person has to use the land of another for a specific purpose." (Exception 13.)

It will be observed that in the court's definition of an easement, no reference is made to the effect of a scenic easement, such as was then before the court for determination.

It is provided by C. S., 564, that in jury trials, the judge "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon," and this without expressing any opinion upon the facts. *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501. In interpreting this statute the authoritative decisions are to the effect that it "confers upon litigants a substantial legal right and calls for instructions as to the law upon all substantial features of the case"; and further, that the requirements of the statute "are not met by a general statement of legal principles which bear more or less directly, but not with absolute directness, upon the issues made by the evidence." *Williams v. Coach Co.,* 197 N. C., 12, 147 S. E., 435; *S. v. Groves,* 121 N. C., 563, 28 S. E., 262. "The statement of the general principles of law, without an application to the specific facts involved in the issue, is not a compliance with the provisions of the statute." *Nichols v. Fibre Co.,* 190 N. C., 1, 128 S. E., 471.

The purport of the decisions may be gleaned from the following excerpts: "The failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial. This is true even though there is no request for special instruction to that effect." *Spencer v. Brown,* 214 N. C., 114, 198 S. E., 630. "On the substantive features of the case arising on the evidence, the judge is required to give correct charge concerning it." *School District v. Alamance County,* 211 N. C., 213, 189 S. E., 873. "A judge in his charge to the jury should present every substantial and essential feature of the case embraced within the issue and arising on the evidence, and this without any special prayer for instructions to that effect." *S. v. Merrick, supra.* "When the evidence is susceptible of several interpretations a failure to give instructions which declare and explain the law in its application to the several phases of the evidence is held for reversible error." *Williams v. Coach Co., supra.*

The manner in which the trial court shall state the evidence and declare and explain the law arising thereon must necessarily be left in large measure to his sound discretion and good judgment, "but he must charge on the different aspects presented by the evidence, and give the law applicable thereto." *Blake v. Smith,* 163 N. C., 274, 79 S. E., 596. In the cited case, which involved only $14.88, the value of a hog, the instruction, "take the case, gentlemen, and settle it as between man and man," was held for error because it did not comply with the mandatory requirements of the statute.

In many cases, to state the evidence in a plain and correct manner and declare and explain the law arising thereon, "requires the exercise of a cultivated intelligence, and to do it in a complicated case in the necessary haste of a jury trial, so as to stand subsequent examination, is one of the highest efforts of the mind." *S. v. Matthews,* 78 N. C., 523. Nevertheless, this is the *special* duty of the judge, "and always requires an amount of learning and practical ability which a jury is not supposed to possess." *S. v. Dunlop,* 65 N. C., 288. The chief purposes to be attained by the charge are clarification of the issues, elimination of extraneous matters, and declaration and application of the law arising upon the evidence. *Irvin v. R. R.,* 164 N. C., 6, 80 S. E., 78. These are essential in cases requiring the intervention of a jury. As was said by *Merrimon, C. J.,* in *S. v. Wilson,* 104 N. C., 868, 10 S. E., 315, "The jury should see the issues, stripped of all redundant and confusing matters, and in as clear a light as practicable."

The theory of trial by jury is, that, by and large, twelve capable and unbiased minds, guided by correct legal instructions, are best qualified to find the facts from the evidence and make true deliverance thereon. *Brewington v. Loughran,* 183 N. C., 558, 112 S. E., 257. The duty of guidance perforce devolves upon the judge—a duty incident to the high office which he holds, and made imperative with us by statute. *S. v. Merrick, supra.* The jury is not to be permitted to wander afield or to grope in the dark. *McCracken v. Smathers,* 119 N. C., 617, 26 S. E., 157. Consequently, the proper exercise of the court's function of instruction is indispensable, *Nichols v. Fibre Co., supra,* except perhaps in cases where the facts are few and simple, and no principle of law is involved, but in cases "where the witnesses are numerous, the evidence complicated and conflicting, and there are different principles of law applicable to the different aspects of the case, as presented by the opposing evidence, it is most clearly the duty of the judge to comply with the requirements of the statute." *Holly v. Holly,* 94 N. C., 96.

In the trial of causes, "it is wise to observe the 'landmarks,' and preserve the well-defined rights and duties of the court and jury." *S. v. Green,* 134 N. C., 658, 46 S. E., 761. It will not do in the instant case

simply to say that the terms of the easement were in evidence and that the jury could see and determine for themselves the effect the restrictions would have upon the value of the land. *Watson v. Tanning Co.,* 190 N. C., 840, 130 S. E., 833; *Mehaffey v. Construction Co.,* 194 N. C., 717, 140 S. E., 716. The parties were in sharp disagreement as to the meaning and effect of the easement. Its interpretation was for the court. *Young v. Jeffreys,* 20 N. C., 357. The situation called for a declaration and explanation of the law arising upon the evidence, which could not be met by silence. *Richardson v. Cotton Mills,* 189 N. C., 653, 127 S. E., 834; *S. v. Melton,* 187 N. C., 481, 122 S. E., 17; *McCracken v. Smathers, supra.* It was imperative that the court speak, and speak directly to the issue. Such, in effect, was the holding or pronouncement in *Robinson v. Transportation Co.,* 214 N. C., 489, 199 S. E., 725. The conclusion is likewise made manifest by what was said in *Nichols v. Fibre Co., supra; Williams v. Coach Co., supra; Watson v. Tanning Co., supra; S. v. Merrick, supra; S. v. Matthews, supra; Bowen v. Schnibben,* 184 N. C., 248, 114 S. E., 170; *Orvis v. Holt Mills,* 173 N. C., 231, 91 S. E., 948; and *Duckworth v. Orr,* 126 N. C., 674, 36 S. E., 150.

The court did give the jury an instruction, however, which, fairly interpreted, may be said to bear upon the easement in question.

"The petitioner contends that you should find from the evidence that this park-to-park roadway destroyed entirely the scenic beauty of the crest of the Blue Ridge Mountains, and that it has the force and effect of obliterating entirely the view that otherwise appeared on the crest of the east or south side of the ridge, of the mountain peaks that rise up into the heavens, and that the taking thereof by the defendant for the purpose of scenic easements, has the force and effect of the taking thereof in fee simple, . . ." (Exception 10) . . . "The petitioner says and contends that you should find from the evidence that there was conveyed to the Federal Government in fee simple deed to land embraced within the 76.7 of the right of way taken under the condemnation, and easements to the remaining 12.12, making a total of 88.33 that was conveyed, which, as a matter of law, gentlemen of the jury, I instruct you, was a passing out of the State of North Carolina of the title by way of easements and fee simple to the property condemned, and which immediately upon its delivery vested in the Government of the United States the title to that land which prior thereto was in, without dispute, the Little Switzerland Company, a corporation." (Exception 11.)

Without further explanation, it would seem that the court here intended to adopt, and did adopt, the petitioner's interpretation of the easement, to wit, that, in effect, it amounted "to the taking of the property in fee simple." *Dayton v. Asheville,* 185 N. C., 12, 115 S. E., 827. The petitioner's contention is reiterated several times in the charge,

while no separate or specific reference is made to the respondent's contention in respect of the scenic easement. The judge is not required to give the contentions of the parties, *Wilson v. Wilson,* 190 N. C., 819, 130 S. E., 834, but when he undertakes to state the contentions of one of the parties on any particular phase of the case, it would seem that, in fairness, he ought to state the opposing contentions which arise out of the evidence on the same aspect of the case. And so the law is written. *Messick v. Hickory,* 211 N. C., 531, 191 S. E., 43; *Lea v. Utilities Co.,* 176 N. C., 511, 97 S. E., 492; *Real Estate Co. v. Moser,* 175 N. C., 255, 95 S. E., 498. "Having undertaken to tell the jury how they should answer that issue if they found such facts according to the plaintiff's contention, it was manifestly incumbent upon the court to state the defendant's contention in respect to such phase of the evidence and to instruct the jury how to answer the issue should they sustain such contention." *Jarrett v. Trunk Co.,* 144 N. C., 299, 56 S. E., 937. The court seems to have assumed that, for all practical purposes, the petitioner has been deprived of 88.33 acres of its land.

This view is augmented by a later instruction which the court gave to the jury on the measure of damages.

"In this case I instruct you that in arriving at the amount of compensation the petitioner, the Little Switzerland Company, would be entitled to receive, if any, or ought to receive, if any, your general rule is to estimate the value of the land actually taken, in fee simple and by way of easements thereon, and the damage, if any, to the remainder of the petitioner's boundary or tract of land by reason of the location and construction of the parkway, and from such sum or sums there should be taken as a counterclaim or set-off or offset or reduction any benefits, general or special, which the petitioner has sustained or received by reason of the addition to the value, if any, of the remainder of the boundary or tract of land known as Little Switzerland, and owned by the Little Switzerland Company, by reason of the general or special advantages thereto." (Exception 14.)

The form of the issue, to which the charge was directed, also lends color to the interpretation which the court apparently placed upon the easement.

"What sum, if any, is petitioner entitled to recover of the defendant for the appropriation of and damages to lands of the petitioner described in the petition, over and above all general and special benefits accruing to petitioner's lands by reason of the construction of the parkway?"

The scenic easement does not deprive the petitioner of the entire use of the land. It burdens it according to the terms of the deed "for the enforcement of the restrictions" therein designated "and none other." As a matter of law the "taking" is only to the extent of the easement.

*Brown v. Power Co.,* 140 N. C., 333, 52 S. E., 954; *Hodges v. Tel. Co.,* 133 N. C., 225, 45 S. E., 572. Otherwise the petitioner is left with the free use of its land.

The record, therefore, impels the conclusion that if the court intended to adopt, and did adopt, the petitioner's interpretation of the scenic easement, there was error. On the other hand, if no such adoption were intended, and the court failed to state the respondent's position after giving the petitioner's contentions in the matter, there was error in this respect. It can make no difference, so far as the ultimate effect is concerned, whether the error be one of omission or one of commission. In either event, it was hurtful to the respondent. There is no escape from this dilemma.

Moreover, it seems somewhat at cross purposes to award compensation for the scenic value of the part taken in fee simple, and then to award compensation for the preservation of the scenic value to a part of what is left. Yet this was sanctioned in the court's charge to the jury when the scenic value of the property was exalted over all other considerations, as witness the following recitation of one of the petitioner's contentions: "That it is situated in a place the like of which it says and contends is hardly found on the earth; that it is a spot favored by God Almighty when He created the earth, and that the location of the development was valuable in affording the character of relief that those in the shadows of life's end would want to repair to, and enjoy the remainder of their lives." (Exception 9.)

The purpose of the easement is to care for the landscape and to vouchsafe the beauty of the countryside. This may be enjoyed in common by the petitioner and others. It was error, therefore, to permit the jury to award compensation on the basis of an absolute taking of the 12.12 acres for all purposes as in fee simple. The matter should have been dealt with in a correct instruction to the jury. C. S., 564.

Nor is this a "subordinate feature of the cause, or some particular phase of the testimony," but it is to be considered as a "substantial defect." *Hauser v. Furniture Co.,* 174 N. C., 463, 93 S. E., 961. It undoubtedly weighed heavily against the respondent and added materially to the award. It may be regretted that it was not submitted under a separate issue as suggested in the case of *Power Co. v. Hayes,* 193 N. C., 104, 136 S. E., 353. The petitioner estimated its damage from the scenic easement to be $6,060, while the respondent placed the loss at $121.20—a difference of $5,938.80, which is more than 23% of the total recovery. The matter cannot be treated as *de minimis* or inconsequential.

*Second.* The respondent also assigns as error the inadequacy of the charge on the measure of damages, especially in the light of the claims made in respect of values. See Exceptions 9, 10, and 14 above set out.

In cases of this kind, the measure of damages is the difference in the fair market value of petitioner's land before and after the taking. *Elks v. Comrs.*, 179 N. C., 241, 102 S. E., 414. The items going to make up this difference are understood to embrace compensation for the part taken, and injury to the remainder, which is to be offset by any general and special benefits accruing to the landowner from the construction of the highway. *Bailey v. Highway Com.*, 214 N. C., 278, 199 S. E., 25; *Wade v. Highway Com.*, 188 N. C., 210, 124 S. E., 193; *Power Co. v. Power Co.*, 186 N. C., 179, 119 S. E., 213.

If the benefits, general and special, equal or exceed the damages sustained, no recovery can be had. *Goode v. Asheville*, 193 N. C., 134, 136 S. E., 340.

What is meant by "market value" was the subject of consideration in the case of *Brown v. Power Co., supra.* "Briefly, market value or price means the fair value as between one who desires but is not compelled to buy and one who is willing but not compelled to sell." *McCall v. Lumber Co.*, 196 N. C., 597, 146 S. E., 579.

It will be observed that in the court's instruction on the measure of damages, no reference is made to market value. *Pemberton v. Greensboro*, 208 N. C., 468, 181 S. E., 258.

There is ample authority for writing in a case where the Court is evenly divided in opinion, not merely to advance an argument, but to meet the responsibility of decision. *Miller v. Bank*, 176 N. C., 152, 96 S. E., 977. The case is an important one. Both sides are greatly interested in the result. It is ours to declare the law as we find it. *Moore v. Jones*, 76 N. C., 182.

BARNHILL and WINBORNE, JJ., join in this opinion.