ALICE BOST v. CABARRUS COUNTY.

(Filed 11 May, 1910.)

1. Procedure—Remedies—Vested Rights—Relief.

No one has a vested right in any special remedy given by a legislative act, and procedure is always subject to be changed by the Legislature, with the limitation that one having a vested right in a cause of action must be left with some procedure reasonably adequate to afford relief.

2. Counties—Roads—Construction—Damages—Repealing Statute — Interpretation of Statutes.

Chapter 201, Laws of 1907, repeals chapter 420, Laws of 1903, in reference to the assessment of damages caused to a landowner in building a county road, and affords effective and adequate

means of redress to such owner who is damaged in his land by reason of the building of the road thereon under the provisions of the act repealed.

3. Counties — Roads — Construction — Damages — "Established" —Limitation of Actions—Interpretation of Statutes.

In reference to the assessment of damages, chapter 420, Laws of 1903, provides, that "any person aggrieved * * * may, within six months after said change of road, or new road has been opened and completed, apply to the clerk * * * for an order appointing a jury to assess damages, etc." With reference to the time in which the party aggrieved may apply to the clerk, chapter 201, Laws 1907, provides that if he cannot fix the amount of the damages he has sustained, if any, with *the superintendent of the roads with the consent of the board of commissioners, "for the changing, locating, etc., or the opening or "establishment" of the road, he may apply to the clerk, etc., who shall appoint a jury to assess the damages: Held, the word "established," by correct interpretation, refers to the road in its completed state, and a proceeding instituted within six months from the completion of, the road, in accordance with the provisions of the latter statute, is brought in time.

4. Counties—Roads—Construction—Benefits—Measure of Damages.

In an action to assess damages to plaintiff's land by the construction of a county road, under chapter 201, Laws of 1907, it was not error in the court below to modify a question asked of the witness by his attorney, "Has plaintiff received any special and peculiar benefits to her property on account of the construction of the road?" so as to direct it to such benefits as were "not common to her," the modification being more explicit of the accepted principle relating to the reduction of damages in an action of this character. R. R. v. The Platt Land, 133 N. C., 266, cited and approved.

5. Same—Proper Placing—Torts.

In an action against the county to assess damages to plaintiff's land caused by the location thereon of a county road, evidence is competent to show that the road as constructed destroyed plaintiff's valuable spring and interfered with the approach to her residence, there being nothing of record tending to show that the road was not properly placed or was negligently constructed, and, therefore, not being objectionable as evidence of a tort by reason of the negligent construction of the road.

Appeal from E. B. Jones, J., at January Term, 1910, of Cabarrus.

Proceedings to recover damages caused by the building of a road, instituted by petition of plaintiff to the clerk of the Superior Court, 16 April, 1909.

The jury rendered the following verdict:

1. Did the plaintiff institute this proceeding to recover damages within six months after the road in controversy was completed across and over plaintiff's lands? Answer: Yes.

2. What damage, if any, has the plaintiff sustained? Answer: $150.

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Montgomery & Crowell* for plaintiff.
*H. S. Williams* for defendant.

HOKE, J. The order condemning the plaintiff's land for the purpose of the proposed change in the road was made in July, 1905, under the provisions of the act of the Legislature then controlling the matter, being chapter 420, Laws of 1903, and in reference to the assessment of damage, that act provided: "That if any person be aggrieved, he may, within six months after said change of road, or new road has been opened and *completed,* apply to clerk of Superior Court for an order appointing a jury to assess the damages," etc. Prior to the filing of the present petition, and more than eighteen months before the completion of the road, as established by the verdict, the General Assembly enacted the statute, chapter 201, Laws of 1907, on the question of obtaining damages by persons injured. The latter act makes provision as follows:

"And if after the changing, locating or relocating of any public road or opening and establishing any new public road, any person be aggrieved, and if he and the superintendent of roads, with the approval of the board of commissioners of said county, cannot agree and fix the amount of damages, if any, for the changing, locating or relocating of any public road, or opening and establishing any new public road, he may then, within six months after said change, location or relocation of the public road, or the opening and establishing of a new public road, apply to the clerk of the Superior Court, who shall appoint a jury to consist of five freeholders to assess the damages; and the said jury in determining said damages shall take into consideration the benefits made to the property and the damages sustained by the property, subtract one from the other, and the result shall be their verdict; and the said damages, if allowed, shall be paid out of the general fund of the county; and if the jury award no more damages than the amount offered by the said board of commissioners, then the party aggrieved shall pay all costs for making said assessment of damages: *Provided further,* that the board of commissioners or the persons so aggrieved shall have the right of appeal to the Superior Court after giving good and sufficient security for costs."

And it is urged for error by defendant that the latter statute controls, and as the words contained in the former law, "within

six months after said road shall be opened and *completed,*" have been omitted in the present one, that the time within which proceedings shall be instituted under the latter act shall be construed and held to be within six months from the time the change of an old or the opening of a new road shall have been ordered and the route determined on; but the position cannot be successfully maintained.

It ,is true, as defendant contends, that no one has a vested right in any special remedy, and that procedure is always subject to be changed by the Legislature, with the limitation that one having a vested right in a cause of action must be left with some method of procedure reasonably adequate to afford relief. Black on Constitutional Law, 432; Cooley on Constitutional Limitations, 406 *et seq.* It is true, also, that the present law does afford effective and adequate means of redress, and it is furthermore evident that the Legislature intended the latter statute as the only rule available to the claimant, and covering, as it does, the entire subject, it may be taken as repealing the former law. Sedgewick on Statutory and Constitutional Construction, p. 124. But we do not assent to the position of defendant that in changing the verbiage the present statute has wrought the change of meaning contended for. The word changed, which is the controlling word in reference to the alteration of an old road, might refer to a change completed or a change contemplated and directed, but its primary and natural meaning would seem to be a change accomplished; and the words "after the opening and establishment of a new road," by correct interpretation, should rather refer to the. road in its completed state.

While the question decided is not directly apposite, some comments on the proper significance of this word "establish," appearing in *Dickey v. The Turnpike Co.,* 37 Ky., 113-125, are not irrelevant. Delivering the opinion in that case, *Chief Justice Robertson* said:

"Whether we consider the popular use of the word 'establish,' or the definition of it by the most approved lexicographers, or the admitted import of it in the preamble and in the fourth clause of the eighth section of the Federal Constitution, it must be understood to mean, not merely to designate, but to create, erect, build, prepare, fix permanently. Thus, to establish a character, to establish oneself in business, to establish a school, or manufactory, or government—all common and appropriate phrases—is not to assume or adopt some pre-existing character, or business, or school, or manufactory. To establish, in each of those uses of the phrase, clearly expresses the idea of creating,

preparing, founding, or building up. In the same sense, too, it is used and understood in the Bible; thus, it is said, 'The Lord by wisdom hath founded the earth; by understanding hath he established (prepared) the Heavens.' Proverbs, iii:19.

"Just so, also, is it used and understood in the Federal Constitution. Thus, we find in the preamble these words, 'establish justice,' 'establish this Constitution'; and in the fourth clause of the eighth article, power given to Congress 'to establish an uniform rule of naturalization, and uniform laws on the subject of bankruptcies, throughout the United States.'

"Thus, we might present almost endless illustrations of the fact that the popular and philological, sacred and profane, oracular and political import of 'establish' is not to designate, but to found, prepare, make, institute and confirm."

A perusal of the entire section gives clear indication also that the limitation as to the time for instituting a claim for damages in the last act, as in the first, must be referred to a completed˙ change in the case of an old road, as well as the establishment of a new.

Thus, before instituting suit, a person aggrieved is required to make an effort to adjust his claim for damages· with the superintendent of the road, this officer acting subject to the approval of the board of commissioners, and if he fails in this effort, he may then commence proceedings within six months, etc.; and a jury may then be obtained to assess the damages, etc. How can a claimant or a road superintendent bargain intelligently on this question, or a jury so act thereon, until the road is physically completed, and the damages thus made manifest? We think, therefore, the chairman was right and gave expression to the proper construction of the act when he said in the presence of his assembled board, in response to demand preferred by plaintiff for her damages in December, 1908, "That they had not completed the road over her lands, and, just as soon as they did, they would send.a jury to assess her damages." On the verdict, therefore, the proceedings were instituted within the time required by law, and this objection of defendant is overruled.

It was further contended that the judge below committed error in modifying a question proposed to several witnesses by defendant as to special and peculiar benefits arising to plaintiff by reason of the building of the road, the question being as follows: "Has Mrs. Bost received any special and peculiar benefits to her property on account of the construction of the road?" and the same was permitted by the court, when modified, as follows: "Has Mrs. Bost, the plaintiff, received any special or

peculiar benefits, not common to her and others in the vicinity, by reason of the construction of the road over her lands?" Both of these questions recognize the accepted principle that benefits special and peculiar to the claimant's land shall ordinarily be considered and allowed in reduction of damages arising by reason of an improvement of this character; but the modification of his Honor, being, as it is, more explicit, is better calculated to direct the mind of the jury to an intelligent and correct conclusion, and is in exact accord with the rule as sanctioned by this Court in the case of *R. R. v. The Platt Land,* 133 N. C., 266, and in which it was held:

"1. In the assessment of land taken for railroad purposes, special benefits to the land and not benefits received in common with other property should be considered in reduction of the award for damages."

And this is the generally prevailing principle.

The opinion cited and relied upon by defendant as militating against this position, *Miller v. Asheville,* 112 N. C., 759-768, was a case involving the construction of a statute widely variant from the one presented here. In that case, the statute controlling the matter (Pr. Laws 1891, ch. 135, sec. 16) provided that the jury in assessing damages "shall consider all benefits special to said land, and also all benefits, real or supposed, which the parties may derive from the construction of the said improvements, whether it be *common* to other lands or only *special* to their own, and such benefits so assessed shall be deducted," etc.; and the decision was made to rest on this express provision of the law; but in our case, the statute being general in its terms, Laws 1907, ch. 201, sec. 16, permits and requires the application of the general principle as stated in the case referred to of *R. R. v. Platt Land,* and justifies and sustains the modification made by his Honor on the question as proposed by defendant.

It was further objected that the court made an erroneous ruling in allowing a witness for plaintiff to testify that the effect of the new road as constructed was to destroy plaintiff's spring, and to interfere with the approach to her residence, the testimony directly involved being as follows:

E. G. Lipe testified: "That the alteration or relocation had damaged the plaintiff to the amount of $500 or $600. That they placed a fill 19 or 20 feet high, so that plaintiff could not reach her home from the public road without going over somebody else's land. That she had a good spring, which had been destroyed by the construction of this road; that they left no way for her to get to her house. She has to come through her orchard from back of her house and go over my land to get to new public road."

The exception being noted as follows: "Defendant in apt time objected to all questions and answers pertaining to the filling of the spring and the way of getting to her house. Objection overruled. Defendant excepts."

The position of the defendant in reference to this exception, as we understand it, is that the testimony only tends to establish a tort by reason of the negligent construction of the road, and that damages arising from an ordinary tort are not to be included in the assessment under proceedings of this character. It is ordinarily true, as said by *Douglas, J.,* delivering the opinion in *Mullen v. Canal Co.,* 130 N. C., 496-503, "that no damages are contemplated in original condemnation, except such as necessarily arise in the proper construction of the work." A statement that has been cited with approval in a more recent decision of the Court, in *Davenport v. R. R.,* 148 N. C., 291. But in this case there is no testimony tending to show that the road is not properly placed, or that there has been any negligence in the construction. So far as the record discloses, it is located and built in the only feasible way as to route or method, and the testimony, in our opinion, is clearly competent and directly relevant to the issue.

We find no error in the proceedings below to defendant's prejudice, and the judgment in plaintiff's favor will be affirmed.

No error.