J. B. CAMPBELL ET ALS. v. ROAD COMMISSIONERS OF DAVIE COUNTY.

(Filed 9 May, 1917.)

1. **Condemnation—Compensation—Constitutional Law—Statutes.**

A statute for the relocation and construction of a public highway which provides that "the jurors shall in considering the question of damages take into consideration the benefits to the landowner and shall render a verdict for such amount, if any, as the damages may exceed the benefits," awards just compensation to the owner upon striking the balance, and is constitutional.

2. **Same—Legislative Discretion.**

The Legislature, in conferring the right of condemnation of lands for public use, may, in its discretion, and as compensation to the owner, require all the benefits or a specified part of them, or forbid any of them to be assessed as offsets against the damage.

3. **Same—Offset—Special Advantages.**

The defendant in condemnation proceedings, where the statute permits, is entitled to offset against the value of the land taken and the owner's damage, if any, to the rest of the land, the benefits the plaintiff has derived by reason of the additional value, if any, of his tract of land caused by the special advantage thereto which is not general to the other landowners.

APPEAL by plaintiffs from *Carter, J.,* at August Term, 1916, of DAVIE.

*Jacob Stewart and Holton & Holton for plaintiffs.*
*A. T. Grant, Jr., for defendants.*

CLARK, C. J. This is an action to recover damages for the relocation and construction of a public highway from Winston to Statesville via Mocksville, under Public-Local Laws 1913, ch. 7, sec. 7, which provides: "The jurors shall, in considering the question of damages, take into consideration the benefits to the landowner, and shall render a verdict for such amount, if any, as the damages may exceed the benefits," etc.

There are several exceptions to the testimony and the charge, but they can be resolved practically into one question, "What benefits to the landowner can be considered as a counterclaim in making up the verdict?" The plaintiffs contend that they are entitled to compensation for the value of the land taken, without any abatement by reason of benefit to the remainder of the tract, by the location of the road, and that such benefit is a counterclaim only against the damages, if any, sustained by the rest of the tract.

Such contention, however, is without any authority in this State to support it.

His Honor correctly charged that the jury should estimate the value of the land taken and the damage, if any, to the rest of the plaintiff's tract by reason of the location of the road, and that from such sum there should be taken as a counterclaim any benefit which the plaintiff has sustained by reason of the addition to the value, if any, of his tract of land by reason of the special advantages thereto which is not general to the land of others in that section.

This is the rule laid down in *Bauman v. Ross,* 167 U. S., 548, in an exhaustive opinion, and the same rule has been applied in this State, *Asheville v. Johnson,* 71 N. C., 398; *R. R. v. Wicker,* 74 N. C., 220; *R. R. v. Land Co.,* 133 N. C., 330; *Bost v. Cabarrus,* 152 N. C., 531; *R. R. v. Armfield,* 167 N. C., 464; also, 2 Lewis on Em. Dom., 1187, paragraph 691.

It was competent for the Legislature to provide for a different rule, as in *Miller v. Asheville,* 112 N. C., 768, where the Court sustained the provisions of the statute in that case (sec. 16, ch. 135, Pr. Laws 1891) which permitted the defendant to reduce the damages not merely by the benefits special to the plaintiff, but by all the benefits accruing to him, either special or in common with others in the neighborhood. The Court held: "The present act, which extends the assessment of benefits to all received by the landowners, instead of a restriction to the special benefits, is valid. All the landowner can claim is that his property shall not be taken for public use without compensation. Compensation is had when the balance is struck between the damages and benefits conferred on him by the act complained of. To that, and that alone, he has a constitutional and vested right. The Legislature in conferring upon the corporation the exercise of the right of eminent domain can, in its discretion, require all the benefits or a specified part of them, or forbid any of them, to be assessed as offsets against the damages. This is a matter which rests in its grace, in which neither party has a vested right, and as to which the Legislature can change its mind always before rights are settled and vested by a verdict and judgment."

The above is quoted in *R. R. v. Platt Land,* 133 N. C., 273, 274, where the Court held that it was competent for the Legislature to provide that, as in this case, the defendant should be entitled to offset only the benefits "which are special to the owner and not such as he shares in common with other persons." This is the usual provision of the statute, and there was no error in the ruling of the court.

It seems that there are two or three States in which, possibly owing to the verbiage of their statute, the defendant is not entitled to deduct from the damage for the land taken any benefits accruing to the remaining land of the plaintiff, even though special to himself. Such

construction would deprive the defendant ordinarily of any offset against the damages in favor of the plaintiff, and the provision in the statute allowing such counterclaim would be idle.

The rule adopted by his Honor is in accordance with the wording of the statute and our precedents in such cases, where there is no express provision to the contrary, as in *Miller v. Asheville, supra.*

No error.