THE TOWN OF AYDEN v. E. A. LANCASTER AND DOVIE E. LANCASTER.

(Filed 16 October, 1929.)

1. **Trial F a—Issues submitted to jury in this case held sufficient.**

Where the issues submitted to the jury on appeal from the clerk in condemnation proceedings are sufficient in form and substance to present all phases of the controversy to the jury, they will not be held for error on appeal to the Supreme Court.

2. **Eminent Domain C d—Measure of compensation for taking of lands.**

Where lands of the owner are taken by a town for an enlargement of its existing cemetery, compensation therefor should be awarded for the market value of the land appropriated and for the depreciation in value of other contiguous lands of the owner naturally and proximately resulting from the particular use to which the land taken is to be put, less the special benefits accruing therefrom.

3. **Eminent Domain C c—Number of cemetery lots land taken would make it competent evidence of injury to adjacent lands.**

Where a civil engineer has testified as to the area of the land petitioned by a city to be taken for an addition to its cemetery, it is but a matter of

calculation as to how many cemetery lots of the usual size could be made therefrom, and testimony thereto is competent, taken with other evidence in the case, as to the damage to the value of other contiguous lands of the owner.

4. **Same—Use to which remaining land could have been put except for condemnation is competent evidence of damage thereto.**

The evidence of the depreciation* in value of the owner's lands contiguous to that taken in condemnation proceedings by a town as an addition to its cemetery, it is competent for a civil engineer who has made a survey to testify from his own observations that the owner could have divided his land into lots along a certain extended street but for the condemnation.

5. **Eminent Domain C b—Evidence of value of other land similar to that taken is competent.**

Where the opinion of a witness upon the value of land condemned by a town is based upon his knowledge of the value of lands situated nearby, the competency of the testimony depends upon the evidence introduced tending to show the value in the one place was sufficiently similar to that in the other, and the question is for the jury.

6. **Witnesses D d — When witness makes inconsistent statements the credibility of his testimony is for the jury.**

Where a witness has testified in condemnation proceedings by a town for an addition to its cemetery with reference to the damage the owner has sustained by its taking, and on cross-examination makes inconsistent answers as to the correct basis of his opinion, his testimony is for the jury upon the credibility of the witness.

7. **Eminent Domain D d—Judgment in condemnation proceedings should definitely describe property and set forth rights of petitioner therein.**

The judgment in condemnation proceedings by a town against private lands should describe the land appropriated with certainty and set forth the rights of the petitioner to the land and easement, and that upon the payment of the amount assessed the title of the petitioner shall become absolute.

APPEAL by plaintiff from *Daniels, J.,* and a jury, at March Term, 1929, of PITT. Modified and affirmed.

The petition sets forth the following land of defendant, Dovie E. Lancaster, to be condemned: "That your petitioner, the Town of Ayden, desires to enlarge its present cemetery, so as to take in the following described parcel of land, which is a part of the tract of land described in paragraph 3 of the petition, said parcel of land to be condemned, and used for cemetery purposes as follows: (Describing the land by metes and bounds) containing 1 1/5 acres, more or less. That your petitioner, the Town of Ayden, further desires to condemn for street purposes the following tract or parcel of land, being a strip of land 27 feet wide and 66 feet in length running a straight line and connecting with Seminary

Avenue, making a continuation of the said Seminary Avenue from Railroad Street to the cemetery and running a course S. 83 E." (The evidence indicates that the street was 27 feet by 662½ feet, 41/100 of an acre.) This is a proceeding under C. S., 2792, brought before the clerk of the Superior Court of Pitt County to condemn 1 1/5 acres of land as an addition to a cemetery, and 41/100 of an acre for street purposes in the town of Ayden. Commissioners were duly appointed by an order entered by the clerk, who awarded the owner, Dovie E. Lancaster, $900 for the land condemned. Thereafter the respondent, defendants, filed exception to the report of the commissioners on the ground that the land condemned was worth more than $900. The exceptions filed by the respondent were overruled by the clerk and the report confirmed, whereupon the respondent excepted to the ruling of the clerk and appealed to the Superior Court in term for trial by jury. The cause was tried at March, 1929, Civil Term of Pitt Superior Court before his Honor, F. A. Daniels, and a jury.

The issues submitted to the jury, and their answers thereto, were as follows:

"1. What compensation is the respondent, Dovie E. Lancaster, entitled to recover of the petitioner, the Town of Ayden, on account of the taking of the land described in the petition for cemetery purposes? Answer: $653.

2. What compensation is the respondent, Dovie E. Lancaster, entitled to recover of the petitioner, the Town of Ayden, for the injury and damages, if any, to her other land by reason of the taking of said land and establishing said cemetery thereon? Answer: $500.

3. What compensation is the respondent, Dovie E. Lancaster, entitled to recover of the petitioner, the Town of Ayden, on account of the taking of the land described in the petition for street purposes? Answer: $418.40.

4. What compensation is the respondent entitled to recover of the petitioner, the Town of Ayden, if any, for injury and damages, if any, to her remaining land by reason of the taking of the said land for said street, as set out in the petition? Answer: Nothing.

5. What enhancement of value peculiar to her land and not in common with the other landowners in the vicinity came to Mrs. Dovie E. Lancaster by reason of the taking and laying out of the street mentioned in the petition and exceptions? Answer: Nothing." The total amount, including interest from date, $1,571.40.

The court below rendered judgment on the verdict. Plaintiff, petitioner, made numerous exceptions and assignments of errors and appealed to the Supreme Court.

*Harding & Lee and Pittman & Eure for plaintiff, petitioner.*
*Julius Brown for defendants, respondents.*

CLARKSON, J. This Court, in *Town of Ayden v. Lancaster*, 195 N. C., 297, held that in condemnation proceedings instituted by a town before the clerk of the Superior Court, to take lands for public municipal purposes, upon exception duly filed by the owner to the damages assessed by the commissioners and an appeal being taken to the Superior Court and a jury trial demanded on the issues raised by the exception, the landowner had a right to a jury trial in the Superior Court on the question of damages.

The present appeal by plaintiff, petitioner, is for errors which it contends the court below committed when the questions of damages were tried by a jury in the Superior Court. We see no error in the issues submitted; they are "sufficient in form and substance to present all phases of the controversy between the parties." *Virginia-Carolina Joint Stock Land Bank v. The First and Citizens National Bank of Elizabeth City*, *ante*, 526. The issues were premised on the law of this jurisdiction in condemnation proceedings. *Goode v. Asheville*, 193 N. C., 134.

The civil engineer who made the survey for respondents testified, without objection, that the land taken for cemetery purposes was one and 14/100 acres. "The size of the lots of the old and new cemetery is twenty by twenty, that is twenty feet square," and upon objection testified that the land taken in the present action was between 90 and 100 lots 20 by 20 feet. This was merely a simple question of arithmetic, taking into consideration the number of square feet in an acre that a civil engineer could easily calculate, and some evidence to indicate, no doubt, the damage to respondent's other land in having constantly so many new graves dug contingent to it. *R. R. v. Armfield*, 167 N. C., 464. The evidence did not elicit the selling price of the lots.

In *United States v. Chandler-Dunbar W. P. Co.*, 229 U. S., 51, 57 L. Ed., 1063, it is said: "The value should be fixed as of the date of the proceedings and with reference to the loss the owner sustains, considering the property in its condition and situation at the time it is taken and not as enhanced by the purpose for which it is taken." *Power Co. v. Hayes*, 193 N. C., at p. 107. We think the evidence competent.

*Lurton, J.*, in *United States v. Grizzard*, 219 U. S., 180, 55 L. Ed., 165, said: "Whenever there has been an actual physical taking of a part of a distinct tract of land, the compensation to be awarded includes not only the market value of that part of the tract appropriated, but the damage to the remainder resulting from that taking, embracing, of course, the injury due to the use to which the part appropriated is to be

devoted." *R. R. v. Manufacturing Co.,* 166 N. C., at p. 173; *Power Co. v. Hayes, supra,* p. 104. In condemnation proceedings the rule in regard to damages is fully set forth in *Goode v. Asheville, supra,* at p. 136, as follows: "The measure of damages in such cases 'is the difference in value before and after taking, less the special benefits, and that increased value to the land enjoyed in common with others affected by the improvement is not a special benefit.' *Lanier v. Greenville,* 174 N. C., 311; *Campbell v. Commissioners,* 173 N. C., 500; *Elks v. Commissioners,* 179 N. C., 241; *Bost v. Cabarrus,* 152 N. C., 531; *R. R. v. Platt Land,* 133 N. C., 266. The Legislature has power to provide by statute that the damages accruing to the landowner can be reduced not only by special benefits received by the landowner, but by all benefits accruing to him 'either special or in common with others." *Miller v. Asheville,* 112 N. C., 768; *Lanier v. Greenville,* 174 N. C., 311. In *Stamey v. Burnsville,* 189 N. C., 39, the rule was thus declared: 'It seems to be the general rule in this jurisdiction that the compensation which ought to be made, just compensation, under our general statute is such compensation after special benefits peculiar to the land are set off against damages.'" See C. S., 1721 and 1722.

The civil engineer, witness for defendant, respondent, who had experience in value-standards, testified that from his survey and personal observations, the lands immediately west of the new cemetery and south of it, are suitable lands for subdivision into building or residential property. This was not objected to. The witness was then asked "if the new part of the cemetery had not been taken from Mrs. Lancaster and the street marked Cemetery Road had been extended southwardly in the same direction, could there have been two tiers of lots laid off between that and Blount Street according to your survey and observation, as shown on the Forrest property? Petitioner objected; overruled and petitioner excepted. Certainly the road could be extended on through in a southern direction and lots could be laid off or not on the westerly side of Cemetery Road if it was extended, and on the eastern side also, and also on the eastern side of Blount Street."

From the location of this particular land, the whole piece being 34 acres, the evidence indicates that it is in and adjacent to the town "her land continues eastward beyond the corporate limits." "All land taken is in corporate limits."

The witness indicated the method of subdivision, but did not put any value on the land. He only described the way the subdivision could be made and stated the facts. We can see no objection to this testimony.

In 1 Elliott on Roads and Streets, 4th ed., sec. 295, it is said: "If the situation, quality and character of the property are such as to make it peculiarly adapted to a certain purpose and to give it an especial value

for that purpose, then damages should be assessed with reference to its adaptability to that purpose. . . . (Sec. 296) So, too, in a proper case, may its special value or adaptability to be made into city lots. Its availability for the purpose for which it is taken is to be considered likewise. But the evidence and consideration should not be confined to its value for such purpose, nor to the purpose to which the owner has actually applied it. The use or damage must not, however, be too remote, uncertain and speculative. . . . (Sec. 297) Incidental injuries stop short of remote, conjectural or speculative injuries, for the law does not attempt to furnish an absolutely complete indemnity to the landowner; it only undertakes to secure to him compensation for such injuries as are the natural and proximate result of the appropriation of the property to the particular public use." *Rouse v. Kinston,* 188 N. C., at p. 12; *Milling Co. v. Highway Commission,* 190 N. C., 692.

The price for which the 12 2/5 acres of land was sold to the Baptist Seminary, in proximity and similarity, and the price which defendant, respondent, paid for the 34 acres of land a few years prior, were at least permissible in corroboration.

On both of these aspects, the court below instructed the jury: "This evidence has been admitted for your consideration in corroboration of the witness' testimony as to the value he fixed upon these lands in September, 1923, not as independent evidence of its value, but merely in corroboration of the witness' statement, if it does corroborate him."

In *DeLaney v. Henderson-Gilmer Co.,* 192 N. C., at p. 652, it is said: "Ordinarily the value of the property damaged is to be determined as of the time and place of its damage or injury. Proof of its value within a reasonable time under the circumstances of the particular case, before and after the injury is competent. *Newsom v. Cothrane,* 185 N. C., p. 161; 8 R. C. L., 487-8-9."

The exception and assignment of error as to the testimony of the old man who had lived in the vicinity all his life and knew the land taken for cemetery and street purposes and its market value at the time it was taken and gave his reasons and the damage, this cannot be sustained because on cross-examination he answered both ways to the effect that he did and did not base the damage upon the price they were selling the cemetery lots for. This affected the credibility of the witness and the probative force given to such testimony was for the jury. *Shell v. Roseman,* 155 N. C., 94; *Shaw v. Handle Co.,* 188 N. C., 236.

There are other assignments of error we do not think material to be considered, in reference to them we quote from Wigmore on Evidence, Vol. 1, 2 ed., p. 1136, part sec. 718: "Hence, the question arises how far an acquaintance with value standards in one place will suffice when the value in question is of a thing in another place. The witness' com-

petency must here depend upon whether the conditions of value in the two places are sufficiently similar to render his knowledge of values in one place adequate for estimating them in the other. The application of this principle must depend on the circumstances of each case, and no further detailed rules can be laid down."

We do not think the assignment of error to portions of the charge of the court below can be sustained, yet no proper assignment of error was made. *Rawls v. Lupton,* 193 N. C., 428. From a careful reading of the charge we think the learned and painstaking judge in the court below gave succinctly the contentions, evidence and law applicable. The value testimony as to the property was conflicting, the probative force was for the jury.

The judgment should describe the land taken with certainty and should set forth the rights of the plaintiff, petitioner, to the land and easement, and, upon payment of the damages assessed by the jury, title to become absolute. See C. S., 607-608; *Beal v. R. R.,* 136 N. C., 298.

There is no error in the trial. The judgment is

Modified and affirmed.