## GEORGE H. WARD v. TOWN OF WAYNESVILLE.

(Filed 20 August, 1930.)

1. **Eminent Domain C e—Measure of damages recoverable by owner for land taken in condemnation proceedings.**

   The measure of damages to be awarded the owner of lands for the taking of a part thereof by a town for widening a street is the difference in the fair market value of his land, before and after taking, less the value of special benefits to him.

2. **Same—Questions asked witnesses in proceedings to assess compensation held competent.**

   Where in proceedings against a town for compensation for lands taken by it in widening its streets, witnesses for the town have testified as to the value of the plaintiff's lands before and after the taking of a part thereof, but have not testified that plaintiff received any special benefits, it is proper for the plaintiff on cross-examination to ask them if they would give, after the taking, the amount of the plaintiff's proportionate part of the improvement assessments, both as impeaching their testimony and as ascertaining if they had considered the improvements to the street in forming an opinion as to the value of the land after the taking, and *held further*, error, if any, in the admission of the evidence was not prejudicial in view of the fact that the court expressly charged the jury that the street assessments could not be taken into consideration as an element of damages.

3. **Trial B f—Where evidence is admissible for restricted purpose objecting party should request instruction that it be so considered by jury.**

   Where evidence is properly admitted by the trial court for a restricted purpose, the objecting party should, at the time it is admitted, ask the court to instruct the jury that it be considered only for the purposes for which it is competent, and a general exception will not be sustained. Rules of Practice in the Supreme Court No. 21.

APPEAL by defendant from *Harwood, Special Judge,* at October Special Term, 1929, of HAYWOOD. No error.

This is a proceeding for the recovery of damages sustained by plaintiff, resulting from the taking and appropriation by defendant, a municipal corporation of this State, of a part of plaintiff's land, situate within the corporate limits of defendant, for the purpose of widening, constructing and improving certain streets of said corporation.

Defendant denied liability, and in its answer to the petition filed by plaintiff, alleged that plaintiff had received special benefits in excess of any damages he may have sustained, by reason of the widening, construction and improvement of said streets.

From an assessment of his damages, made by appraisers appointed by the board of aldermen of defendant corporation, in accordance with his petition, plaintiff appealed to the Superior Court of Haywood County. At October Special Term, 1929, of said court, when this appeal was called for trial, it was agreed by and between plaintiff and defendant that the proceeding and the appeal were regular in all respects and that the only issue to be submitted to the jury was as follows:

"What damages, if any, is the plaintiff entitled to recover of the defendant, the town of Waynesville, on account of the taking and appropriation of a part of plaintiff's land?"

After the introduction of evidence by both plaintiff and defendant, and after the charge of the court, the jury answered the issue: "$2,650."

From judgment in accordance with the verdict that plaintiff recover of the defendant the sum of $2,650, and the costs of the proceeding, the defendant appealed to the Supreme Court.

*Alley & Alley and John Queen for plaintiff.*
*J. E. Johnson and Hannah & Hannah for defendant.*

CONNOR, J. The defendant, the town of Waynesville, is a municipal corporation, organized and existing under and by virtue of the laws of this State. Plaintiff was in 1926, and is now, the owner of a parcel of land situate within the corporate limits of the defendant, and bounded by East Main and Hazel streets. In 1926 the defendant, pursuant to resolutions of its board of aldermen, took and appropriated a part of plaintiff's land for the purpose of widening, constructing and improving said streets. Plaintiff's land contained about two and one-third acres, and was valuable chiefly for division into lots for residential purposes. The part of said land taken and appropriated by defendant contains about 44/100 of an acre, and consists of a strip of land extending on East Main Street about 347 feet, and on Hazel Street about 291 feet.

Evidence offered by plaintiff tended to show that prior to said taking and appropriation, plaintiff's land was worth about $5,000 and that

after said taking and appropriation it was worth not to exceed $1,500; that the value of said land for division into lots for residential purposes was greatly diminished as the result of the taking and appropriation of part of the same by defendant. Defendant, on its cross-examination of plaintiff's witnesses, who had testified as to the value of said land, both before and after the taking of a part of the same by the defendant, elicited evidence tending to show that said streets had been paved and greatly improved by defendant. This evidence was in support of defendant's contention that plaintiff had received benefits, both special and general, by reason of the widening, construction and improvement of said streets.

Witnesses offered by defendant testified that plaintiff's land before the taking and appropriation by defendant of part of same, was worth not to exceed $3,000, and that after said taking and appropriation, by reason of the improvement of said streets, it was worth at least $1,000 more than before said taking and appropriation. None of these witnesses testified, however, that plaintiff had received any special benefits by reason of the improvement of said streets. On cross-examination of these witnesses by the plaintiff, each was asked if he would give for said land, after the improvement of the streets, the amount assessed against it by the defendant, as plaintiff's proportional part of the cost of the improvements. There was evidence tending to show that the amount of the assessment was $3,592. Each witness answered, "No." In apt time, defendant objected to these questions, and excepted to the refusal of the court to sustain said objections. Defendant also moved that the answers to these questions be stricken from the record, and in apt time excepted to the refusal of the court to allow said motions. By assignments of error based upon these exceptions, defendant on its appeal to this Court, presents its contention that there was error both in the refusal of the court to sustain its objections to the questions addressed to the witnesses, and in its refusal to allow its motions that the answers of the witnesses to the question be stricken from the record. These assignments of error cannot be sustained. The questions were proper, both for the purpose of impeaching the witness, and for the purpose of ascertaining whether the witness had taken into consideration the improvements to the street in forming his opinion as to the value of the land after the taking and appropriation of a part of the same by defendant. Defendant did not request the court, at the time the evidence was admitted on cross-examination, or at any other time during the trial, to instruct the jury that the evidence was admitted for restricted purposes. Defendant contented itself with a general objection to the evidence. Its admission, therefore, cannot be assigned as error on defendant's appeal to this Court. If evidence is competent for restricted,

but not for general purposes, in the absence of a request by appellant, at the time of its admission, that the court instruct the jury as to the purpose for which it was competent, its admission is not a ground of exception. Rule 21, Rules of the Supreme Court of North Carolina, 192 N. C., 850; *Roberson v. Stokes,* 181 N. C., 59; 106 S. E., 151. However, upon the record in the instant case, even if it be conceded that there was error in the refusal of the court to sustain defendant's objection to the questions, and in its refusal to allow defendant's motion that the answers to the questions be stricken from the record, we do not think the error in either respect was so prejudicial to defendant, as to entitle defendant to a new trial. The court expressly charged the jury that the street assessments made against plaintiff's land could not be taken into consideration as an element of damages.

In its charge, the court instructed the jury that "the measure of damages is the difference in the fair market value before and after taking, less the special benefits, if any. Any increase in value to the land enjoyed by others affected by the improvements is not a special benefit." This instruction is in accord with authoritative decisions of this Court. *Ayden v. Lancaster,* 197 N. C., 556, 150 S. E., 40; *Lanier v. Greenville,* 174 N. C., 311, 93 S. E., 850; *Campbell v. Commissioners,* 173 N. C., 500, 92 S. E., 323; *Elks v. Commissioners,* 179 N. C., 241, 102 S. E., 414; *Bost v. Cabarrus,* 152 N. C., 531, 67 S. E., 1066; *R. R. v. Platt Land,* 133 N. C., 266, 45 S. E., 589.

We find no error in the instructions to which defendant excepted and which it assigns as error. These instructions are founded upon the correct rule contained in the foregoing instruction, and are but variations of this rule, presenting the contentions of the parties as to the facts shown by the evidence. As we find no error, the judgment must be affirmed.

No error.