MRS. VINA SIMMONS v. NORTH CAROLINA STATE HIGHWAY & PUBLIC WORKS COMMISSION.

(Filed 4 November, 1953.)

1. **Eminent Domain § 23: Appeal and Error § 39f: Trial § 31e—**

Where the court, in charging the jury on the issue of damages, correctly instructs the jury to deduct general and special benefits accruing to petitioner from the construction of the highway, G.S. 136-19, and correctly leaves it to the jury to determine the amounts, the fact that the court also states that it is a matter of common knowledge that the building of a highway brings certain benefits to property owners along the highway, *is held* insufficient to constitute prejudicial error as an expression of opinion by the court on a fact in issue. G.S. 1-180.

2. **Eminent Domain § 23—**

An instruction to the effect that the damages for the lands taken, together with damages resulting to the remaining lands from the taking, would amount to the difference between the fair market value of the entire tract before the taking and the fair market value of the remaining lands after the taking, *is held* without error.

3. **Same—**

In a proceeding to recover compensation for the taking of lands, the failure of the court to define the meaning of general and special benefits, or to distinguish between them, will not be held for error in the absence of timely request for instructions.

4. **Trial § 31d—**

The failure of the court to explain the phrase "greater weight of the evidence" will not be held for prejudicial error on plaintiff's appeal.

APPEAL by plaintiff from *Grady, Emergency Judge,* February Term, 1953, of PITT. No error.

The plaintiff, some of whose land was taken by the State Highway & Public Works Commission for the purpose of widening Highway #43,

filed her petition for compensation under the statute. G.S. 40-12; G.S. 136-19.

It was admitted that in widening the highway in front of plaintiff's house the defendant Highway Commission acquired easement for highway purposes over a strip of plaintiff's land 23 feet wide and 600 feet long. In addition plaintiff contended her dwelling house was damaged and shrubbery removed from her front yard. Petition for compensation for the land taken and for injury to the remainder of the land, in conformity with the statute, was duly filed.

Commissioners were appointed to determine the amount of compensation due plaintiff for injury to her property, and the Commissioners so appointed rendered their report. To this report the plaintiff filed exception, and thereafter the cause came on for trial in the Superior Court (G.S. 40-20) where the jury answered the issue submitted to them as follows:

"1. What sum, if any, is the petitioner, Mrs. Vina Simmons, entitled to recover of the respondent, State Highway & Public Works Commission, for the appropriation of the lands described in the pleadings, over and above the general and special benefits, if any, accruing to petitioner's lands by reason of the widening of State Highway No. 43?

"Answer: $430.00."

From judgment on the verdict the plaintiff appealed.

*Taylor & Allen and Lindsay C. Warren, Jr., for plaintiff, appellant.*

*R. Brookes Peters, General Counsel, E. W. Hooper, Legal Department North Carolina State Highway & Public Works Commission, for respondent, appellee.*

DEVIN, C. J. The plaintiff, dissatisfied with the result of the trial below, has brought the cause here for review and asks for a new trial on the ground that the court erred in the instructions given to the jury, and that the verdict was improperly influenced thereby.

1. The plaintiff complains that the court in charging the jury used the following language to which she excepted:

"It must be admitted as a matter of common knowledge that the building of highways in this state brings with it certain benefits to property owners who have the additional advantage of the use of such highway."

The statute which makes provision for compensation for land taken under the power of eminent domain for highway purposes prescribes that "In all instances the general and special benefits shall be assessed as offsets against damages." G.S. 136-19. Accordingly the judge in charging the jury in this case called attention to this provision and instructed the jury that in arriving at the amount of compensation plaintiff was entitled to

receive the jury should "estimate the value of the land actually taken for an easement thereon and the damage thereon, if any, to petitioner's tract of land by the widening of Highway #43, and from such sum you will deduct as a counterclaim or set-off any benefits, general or special, if any, which the petitioner received or sustained by reason of the addition to the value, if any, to the tract of land described in the petition. In a proceeding of this kind petitioner is entitled to recover as compensation not only the value of the land taken but also the damage thereby caused to her remaining property, less such benefits, if any, you find the petitioner received by reason of the widening of Highway #43."

While the learned judge who presided over the trial of this case might well have omitted the remark excepted to, we are unable to perceive that any prejudicial effect was likely to have resulted to plaintiff's cause, or that the jury was improperly influenced thereby in arriving at their verdict. The statute referred to recognizes the fact that the construction of improved highways is beneficial to the State, and that it also may be of benefit to those whose lands adjoin the highway. The judge was stating a matter of general knowledge in general terms. It may also be noted that the court in charging the jury with respect to the issue left it to them to determine the amount and repeatedly instructed them that they could deduct "benefits general or special, if any." We do not think the language criticized should be construed to be an expression of opinion as to a fact in issue, or that it comes within the prohibition of G.S. 1-180.

2. The plaintiff contends that the court's instructions to the jury as to the measure of damages to be applied in this case were inadequate, and she has excepted to the following portion of the charge:

"The burden of this issue is upon the plaintiff. If she has offered evidence which satisfies you by its greater weight that the condition of that house, as testified to by her witnesses, that is, the deterioration in the house, the cracks, etc., were caused by the excavation made by the defendant then it would be your duty to take into consideration the damage to that house in arriving at your verdict. If the evidence is not sufficient to satisfy you by its greater weight that the work done by the State Highway & Public Works Commission had anything to do with any deterioration in the house itself, you will disregard that and then proceed to ascertain from this evidence and by its greater weight what was the value of the entire property owned by her prior to the taking of this 600-foot strip of land 23 feet wide. What was the fair market value of the entire property prior to the taking and then what was the fair market value after the taking, whether or not it had depreciated in value by reason of the taking; deducting the latter figure from the former, that would be the net damage that she would be entitled to recover."

The portion of the charge to which this exception is directed seems to be in substantial accord with the decisions of this Court in *Proctor v. Highway Com.,* 230 N.C. 687, 55 S.E. 2d 479; *Highway Com. v. Hartley,* 218 N.C. 438, 11 S.E. 2d 314; *Light Co. v. Reeves,* 198 N.C. 404, 151 S.E. 871. The assignment of error in this respect cannot be sustained. Just compensation, as the phrase is used in condemnation proceedings, includes all that the landowner is entitled to receive as a fair equivalent for the land taken and for the injury to remaining land resulting from the taking. *S. v. Lumber Co.,* 199 N.C. 199, 154 S.E. 72. The failure to define more fully the meaning of general or special benefits or to distinguish between them, in the absence of timely request, may not be held for error. *Light Co. v. Reeves,* 198 N.C. 404, 151 S.E. 871; *Ward v. Waynesville,* 199 N.C. 273, 154 S.E. 322; *Elks v. Comrs.,* 179 N.C. 241, 102 S.E. 414.

3. Plaintiff assigns as error the failure of the court to explain to the jury the phrase "greater weight of the evidence." While the significance of these words is frequently illustrated by trial judges by reference to balances, we cannot hold that failure to do so or to explain more fully words which presumably are understood by an intelligent jury should be held for error, or that failure to do so in this case was prejudicial to the plaintiff upon whom rested the burden of the issue. *S. v. Puckett,* 211 N.C. 66, 189 S.E. 183; *Wilson v. Casualty Co.,* 210 N.C. 585, 188 S.E. 102; *S. v. Anderson,* 208 N.C. 771 (788), 182 S.E. 643.

The jurors, who heard all the evidence of the plaintiff and that offered by the defendant, and who in addition were afforded a jury view of the premises, have, under a fair charge by the Court, determined the amount of plaintiff's compensation, and we find no sufficient reason to disturb the result.

No error.