BOARD OF TRANSPORTATION v. ELLA MAE INGRAM JONES

No. 7710SC1054

(Filed 17 October 1978)

1. **Eminent Domain § 6.4— improper formula to determine value—evidence improperly admitted**

In a condemnation proceeding instituted to secure right-of-way for construction of a highway, the trial court erred in refusing to strike the testimony of a value witness who derived his estimate of defendant's damages by applica-

tion of the "value of the part taken plus damages to the remainder" formula, rather than by application of the "before and after value" formula provided in G.S. 136-112(1).

2. **Eminent Domain § 13.5— general and special benefits—failure to request further jury instruction—jury instruction proper**

   In a condemnation proceeding to secure right-of-way for construction of a highway, the failure to define more fully the meaning of general or special benefits or to distinguish between them, in the absence of timely request, may not be held for error.

3. **Eminent Domain §§ 6.8, 13.5— evidence of general benefits—failure to instruct jury—error**

   In a condemnation proceeding to secure right-of-way for construction of a highway, the trial court erred in failing to instruct the jury that in assessing compensation they were to consider general benefits accruing to the parts of the tract not taken, since testimony that the value of a portion of the tract not taken had been enhanced as a result of the easy access to other areas of the county provided by the highway constituted evidence of general benefits.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 29 July 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 26 September 1978.

This was a condemnation proceeding instituted by the North Carolina Board of Transportation on 21 October 1974 against property owned by defendant, Ella Mae Ingram Jones. The purpose of the condemnation was to secure right-of-way for construction of a portion of the Raleigh Beltline.

The property acquired by condemnation was a portion of a larger tract (166.43 acres) owned by defendant. Plaintiff condemned 29.48 acres of right-of-way and .37 acres as easements. The condemned portion ran approximately through the center of the tract owned by defendant. After the taking, defendant retained on the west side of the project a tract of land containing 61.26 acres, a tract on the east side containing 70.93 acres, and a tract containing 4.39 acres, also on the east side of the project but separated from the 70.93 acre tract by a road, which connected with the Beltline.

All issues raised by the pleadings were settled by stipulation of the parties at the pretrial conference except the issue of just compensation to the defendant. The matter was tried at the 25 July 1977 Civil Session of Superior Court, Wake County. Defend-

ant presented three value witnesses. Plaintiff presented two. Estimates of compensation due defendant varied substantially. The jury awarded defendant compensation of $250,000. From the judgment ordering that the Board of Transportation deposit into Court an amount equal to the jury award less amounts previously deposited pursuant to an estimate of just compensation, plaintiff appealed.

*Attorney General Edmisten, by Assistant Attorney General H. A. Cole, Jr. & Associate Attorney J. Christopher Prather for the State.*

*Johnson, Gamble & Shearon, by Richard O. Gamble for defendant.*

BROCK, Chief Judge.

G.S. 136-112(1) sets forth the formula for the measure of compensation in partial taking cases. "Where only a part of a tract is taken, the measure of damages for said taking shall be the difference between the fair market value of the entire tract immediately prior to said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any special or general benefits resulting from the utilization of the part taken for highway purposes." The Supreme Court applied this formula in *Templeton v. Highway Commission*, 254 N.C. 337, 118 S.E. 2d 918 (1961), stating, "The items going to make up this difference embrace compensation for the part taken and compensation for injury to the remaining portion, which is to be offset under the terms of the controlling statute by any general and special benefits resulting to the landowner. . . ." *Id.* at 339, 118 S.E. 2d at 920.

[1] In the case *sub judice*, the trial court instructed the jury on the application of G.S. 136-112(1). In its first assignment of error, plaintiff contends, however, that the trial court committed error by failing to strike the testimony of defendant's value witness, W. R. Rand. Plaintiff's motion to strike was prompted by the failure of the witness to follow the statutory formula set forth in G.S. 136-112(1). Defendant contends that rather than estimating a value for the entire tract before the taking and subtracting therefrom an estimate of the value after the taking of the proper-

ty retained by defendant, the witness subtracted from his estimate of value of the entire tract before the taking an amount equal to the value of the part taken plus damages he estimated had occurred to the remaining tracts as a result of the taking.

On direct, defendant's witness Rand testified to the following: "According to my calculations by reason of this taking the total amount of damages was $310,890.00. In arriving at my opinion as to the total damage to the property I considered the value of the property taken. I also considered damage to the remainder of the property. I did not consider any general or special benefits to the remainder of the property. I didn't consider there were any." The witness continued on direct to specify numerous items of damage to the tracts retained by defendant used by the witness in arriving at his total estimate of damages to the property. On cross-examination, the following colloquy occurred:

"Q. You did not—all right. You went out originally and immediately prior to the taking, you appraised the 166.43 acres plus all the improvements located thereon; is that correct?

A. Right.

Q. And arrived at that figure?

A. Right.

Q. But you did not after, [the taking] . . . you did not then appraise the remaining land, some 136.58 acres, and improvements located thereon; is that what you're saying?

A. That's right."

The formula used by the witness, "value of the part taken plus damages to the remainder" is applied in partial taking cases by a majority of jurisdictions. Early North Carolina cases indicated the application of this formula was proper. *See* Phay, *The Eminent Domain Procedure of North Carolina: The Need for Legislative Action,* 45 N.C. L. Rev. 587, 616 n. 102 (1967). At first glance, this formula would appear to be only a different way of stating the "before and after value" formula set out in G.S. 136-112(1). However, the "before and after value" formula mandated by G.S. 136-112(1) avoids "a very practical objection that

may be urged against the more popular rule of 'value of the part taken plus damages to the remainder'—the objection that a jury may include in 'damages to the remainder' a part of the very injury which it incorporates in 'value of the part taken'." 1 Orgel, Eminent Domain, § 52, p. 238 (2d ed. 1953). *See* 4A Nichols, Eminent Domain, § 14.232 [1], p. 14-126, (3d ed. 1976). North Carolina has clearly indicated by statute and case law that the "before and after value" formula is the law to be applied in determining compensation for a partial taking. *See Charlotte v. Charlotte Park & Recreation Commission*, 278 N.C. 26, 178 S.E. 2d 601 (1970); *Highway Commission v. Phillips*, 267 N.C. 369, 148 S.E. 2d 282 (1966); *Templeton v. Highway Commission*, 254 N.C. 337, 118 S.E. 2d 918 (1961).

In the case *sub judice*, the trial judge did instruct the jury they should apply the formula set out in G.S. 136-112(1). Defendant's value witness, however, gave an estimate admittedly derived by applying the "value of the part taken plus damages to the remainder" formula. It is possible that the jury could have gotten the impression that defendant's damages were greater than they actually were. The Supreme Court held in *Templeton v. Highway Commission, supra*, that it is error for the trial court to allow testimony with respect to estimated compensation due when a witness derives his estimate by application of the "value of the part taken plus damages to the remainder" formula. The trial court, therefore, committed error in this case by refusing to strike the testimony of defendant's witness Rand.

[2] Plaintiff's second and third assignments of error relate to the trial judge's instructions to the jury concerning their consideration of benefits resulting from the highway project for which the part of defendant's property was condemned. In its second assignment of error, plaintiff contends the trial judge erred by failing to define or otherwise explain the term benefits, particularly by failing to distinguish between general and special benefits. However, the Supreme Court has held that "the failure to define more fully the meaning of general or special benefits or to distinguish between them, in the absence of timely request, may not be held for error." *Simmons v. Highway Commission*, 238 N.C. 532, 535, 78 S.E. 2d 308, 311 (1953). (Citations omitted.) Plaintiff made no request at trial for further instructions on the term benefits, even when asked by the judge at the conclusion of his charge if there

was anything further plaintiff would desire to have the jury instructed on.

[3]    In its third assignment of error, plaintiff contends that the court erred in failing to instruct the jury that in assessing compensation they were to consider general benefits accruing to the parts of the tract not taken. G.S. 136-112(1) expressly provides that both general and special benefits are to be considered. N.C.R. Civ. P. 51(a) directs that the trial judge "shall declare and explain the law arising on the evidence given in the case." On direct examination, plaintiff's witness Arnold testified that the value of the tract situated to the east of the Beltline had been enhanced by $500 per acre as a result of the easy access to other areas of Wake County provided by the Beltline. Plaintiff contends that such enhancement of the value of the tract constitutes a general benefit, and that it was entitled to an instruction charging the jury to consider both special and general benefits. The trial judge, however, only instructed the jury that they could consider any special benefits to the remaining tracts.

> "The most satisfactory distinction between general and special benefits is that general benefits are those which arise from the fulfillment of the public object which justified the taking, and special benefits are those which arise from the peculiar relation of the land in question to the public improvement. Ordinarily the foregoing test is a satisfactory one, though sometimes difficult to apply. In other words, the general benefits are those which result from the enjoyment of the facilities provided by the new public work and from the increased general prosperity resulting from such enjoyment. The special benefits are ordinarily merely incidental and may result from physical changes in the land, from proximity to desireable object, or in various other ways." *Templeton v. Highway Commission, supra*, at 341, 118 S.E. 2d at 922.

Few recent North Carolina cases have applied the distinction because the present law provides for consideration of both types of benefits. There are numerous old cases drawing the distinction, however, decided under the common law rule, which provided for offsetting of special benefits only. *See, e.g., Town of Ayden v. Lancaster*, 197 N.C. 556, 150 S.E. 40 (1929); *Lanier v. Greenville*,

174 N.C. 311, 93 S.E. 850 (1917); and *Bost v. Cabarrus County*, 152 N.C. 531, 67 S.E. 1066 (1910). Those cases and others hold that a general benefit is an increase in value of land enjoyed in common with others affected by the improvement. Conversely, a special benefit is one peculiar to the landowner and not common to the entire community.

Applying this distinction, we hold that the testimony of witness Arnold was evidence of general benefits, and that the trial judge erred by only instructing the jury on consideration of special benefits. Although the witness did not explicitly state that the increase in value of defendant's property was an increase common to most property within reasonable proximity of the project, that fact is clearly implicit in his testimony. The witness stated that the basis for his opinion on the increased value of the tract was the easy access to other areas of Wake County. Obviously, such easy access resulting from the construction of the Beltline and the concomitant increase in land values were benefits enjoyed by all landowners in the area affected. Because the increase in the value of defendant's land testified to by witness Rand was enjoyed in common with others affected by the improvement and was a benefit which arose from the fulfillment of the public object which justified the taking, it constitutes a general benefit. Plaintiff was, therefore, entitled to have the jury instructed that they should consider general as well as special benefits.

For the foregoing reasons, plaintiff is entitled to a

New trial.

Judges CLARK and MARTIN (Harry C.) concur.