BOARD OF TRANSPORTATION v. W. R. RAND AND WIFE, ELIZABETH P. RAND, GEORGE F. LATTIMORE, JR. AND WIFE, HELEN T. LATTIMORE

No. 7810SC830

(Filed 3 July 1979)

**Eminent Domain § 7.8— highway condemnation—general and special benefits—instructions**

In this highway condemnation action, testimony by plaintiff's witness that the value of defendants' land was increased by the taking because a roadway fronting the property was paved and property on the paved road "tended to bring more money per acre" was insufficient to require the court to instruct on general and special benefits to defendants' property resulting from the highway project; furthermore, the court did present plaintiff's contention of benefits to the jury when it told the jury to consider any evidence of increased value of defendants' land in arriving at their verdict.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 11 April 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 29 May 1979.

On 9 October 1974 plaintiff began this action against W. R. Rand and wife, Elizabeth, and George F. Lattimore, Jr. and wife, Helen, for the condemnation of a part of their property for highway purposes. The condemnation was necessary to improve secondary road 1831, Old Creedmoor Road, in Wake County. Defendants owned 155.64 acres prior to the taking on 9 October 1974, and after the condemnation of .87 acre there remained 154.77 acres. The landowners' evidence tended to show that the highest and best use of the property both before and after the taking was for residential purposes; that in addition to the .87

acre acquired in the right of way, 15 acres had become subject to flooding because of water diversion by the highway construction and was no longer usable for residential purposes. Plaintiff's evidence tended to show that the 15 acres were subject to flooding before the condemnation. This soil and gravel road was paved as a part of the project. Frank Gordon testified for plaintiff that in his opinion the property was worth more after the taking than before and that the paving of the road benefited defendants' remaining property. Plaintiff appeals from the verdict of the jury assessing defendants' damages.

*Attorney General Edmisten, by Associate Attorney R. W. Newsom III, for plaintiff appellant.*

*Hatch, Little, Bunn, Jones, Few & Berry, by William P. Few, for defendant appellees.*

MARTIN (Harry C.), Judge.

Plaintiff argues the trial court erred in its charge by failing to instruct the jury concerning general and special benefits to defendants' property resulting from the highway project. We find no error.

Defendants' evidence tended to show the value of their remaining property was reduced by reason of the condemnation.

Plaintiff produced the following evidence indicating benefits to defendants' remaining property: the witness Frank Gordon testified he appraised the property on 1 April 1974 before the taking; he also appraised the property after the taking; the property had road frontage of 4560 feet before the taking and about 4471 front feet thereafter; the road was soil and gravel before and paved in this project. Gordon further testified:

> I have an opinion as to the fair market value of this entire tract immediately prior to the taking on October 9, 1974. That value is $280,150.00. In arriving at that figure I considered the highest and best use for this property to be residential development. That was before the taking. That $280,000.00 represented a per acre value of $1800.00 per acre. I have an opinion satisfactory to myself as to the reasonable fair market value of the tract in question immediately after the taking, October 9, 1974, that is $386,925.00. In my opinion

the property has been benefited as a result of the highway. The highest and best use for this property after the taking is for residential development.

On cross-examination he testified:

> The act of putting several feet of asphalt on that road increased the value of the property because it provided frontage along . . . I estimate it would be worth more afterward, after the road was paved. I estimate it would be worth a hundred and six thousand dollars more. Based on the comparable sales that were made compared with the subject, in those sales using before condition had frontages along soil-and-gravel roads, whereas in the after conditions, after S.R. 1831 had been paved, I compared it then with the sales of properties along paved roads, and they tended to bring more money per acre. The construction of the road, in my opinion, did not damage the remaining land.

We hold plaintiff's evidence is not sufficient to require a charge on benefits. In order to require a charge on benefits, the evidence must establish benefits "which arise from the particular improvement for the purpose of which the owner's land is taken or damaged." *Kirkman v. Highway Commission*, 257 N.C. 428, 433, 126 S.E. 2d 107, 111 (1962). Special benefits are those which arise from the peculiar relation of the land in question to the public improvement. General benefits are those which arise from the fulfillment of the public object which justified the taking and from the increased general prosperity resulting from the highway project. *Templeton v. Highway Commission*, 254 N.C. 337, 118 S.E. 2d 918 (1961).

In *Kirkman, supra,* the Court held:

> "Of course, any alleged benefit to have any standing in court at all, must be genuine and capable of estimation in money value." 18 Am. Jur. Eminent Domain, Section 297. "They must be actual and appreciable and not merely conjectural and they must be the direct and proximate result of the improvement, remote benefits not being taken into consideration," 29 C.J.S., Eminent Domain, Section 183. "Whether benefits are special or general, the courts are agreed on the proposition that remote, uncertain, contingent, imaginary,

speculative, conjectural, chimerical, mythical or hypothetical benefits cannot, under any circumstances, be taken into consideration." Anno.—Eminent Domain—Deduction of Benefits, 145 A.L.R. 124. *Statesville v. Anderson*, 245 N.C. 208, 95 S.E. 2d 591.

> The burden of proving the existence and the amount of benefits is on the condemner. 29 C.J.S., Eminent Domain, Section 184.

257 N.C. at 434, 126 S.E. 2d at 112.

The witness Gordon's only basis for his opinion that defendants' land value was increased by the taking was his testimony that the paving of the road provided frontage and that sales of property on paved roads "tended to bring more money per acre." Actually, the record shows that defendants' property had less road frontage after the taking.

At best, plaintiff's evidence as to benefits was conjectural, uncertain, speculative and contingent. Plaintiff, having the burden of proof, failed to produce evidence showing the existence of benefits and the amount of such benefits.

Nevertheless, the court in its charge did present plaintiff's contention of benefits to the jury. Although the court did not use the word "benefit" in its charge, it plainly told the jury to consider any evidence of increased value of defendants' land in arriving at their verdict.

The court instructed the jury:

> The measure of damages when a part of the land is taken is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of the remainder immediately after the taking
> . . . .
>
>     . . . .
>
> The Department of Transportation presented evidence tending to show that the fair market value of the land immediately before the taking was $280,150 and $386,920 afterwards, . . . that the changes in elevation and the pavement of the dirt roadway existing prior to the taking have caused no

---

Fields v. Chappell Associates

---

diminution in value, but, rather, have enhanced the value of the land remaining.

You should consider the opinions expressed as to value and also the reasons upon which those opinions were based, and upon a full consideration of all of the evidence together, determine what the values were before and after the taking.

. . . .

. . . If you should determine that the fair market value is greater after the taking than before the taking, the answer should be nothing or none, for the plaintiff, Department of Transportation, may not recover anything from the land-owners for any increase that the land may have acquired in value by reason of the construction of the paving project.

The above quoted instructions, together with the remainder of the charge, fairly placed plaintiff's contention of benefits to the jury, although not in the precise language plaintiff now urges. If plaintiff desired more detailed or elaborate instructions as to benefits, it had the duty to so request the trial judge. Having failed to do so, the court's charge will not be held for error. *Simmons v. Highway Commission*, 238 N.C. 532, 78 S.E. 2d 308 (1953).

Appellant has failed to show any prejudicial error in the trial, and we find none.

No error.

Judges PARKER and MITCHELL concur.